JOHN BOYLE, Respondent, v. BUSH TERMINAL RAILROAD COMPANY, Appellant, Impleaded with Another.

Carriers — charges for transportation of goods and other property — limitation of recovery in case of loss or damage in consideration of lower rate — when such limitation binding on shipper.

1. It has been the uniform practice of transportation companies in this country to make their charges dependent upon the value of the property carried, and the propriety of this practice and the legality of contracts signed by the shipper agreeing upon a valuation of the property are distinctly upheld by the courts.

2. A special contract was entered into between the shipper and the carrier as follows: " The consignor of this property has the option of shipping same at a higher rate without limitation as to value in case of loss or damage from causes which would make the carrier liable, but agrees to the specified valuation named in case of loss or damage from causes which would make the carrier liable, because of the lower rate thereby accorded for transportation." *Held*, valid and binding upon the shipper even though a loss be due to negligence of the carrier.

(*Tewes* v. *North German Lloyd S. S. Co.*, 186 N. Y. 151, 152; *Gardiner* v. *N. Y. C. & H. R. R. R. Co.*, 201 N. Y. 387, 388, followed; *Bermel* v. *N. Y., N. H. & H. R. R. Co.*, 172 N. Y. 639, criticised and, so far as in conflict with above ruling, overruled.)

*Boyle* v. *Bush Terminal R. R. Co.*, 151 App. Div. 551, reversed.

(Argued January 28, 1914; decided March 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 24, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover the value of certain goods delivered to defendant, a common carrier, and alleged to have been destroyed through its negligence. Defendant pleaded a special contract limiting its liability.

The further material facts are stated in the opinion.

*I. R. Oeland* and *H. E. J. MacDermott* for appellant. It may not now be questioned that a common carrier can limit its liability in an amount less than the actual

value of a shipment, in consideration of a lower rate availed of by the shipper who had an option to ship at a higher rate without such limitation. (*Kansas City Ry. Co.* v. *Carl,* 227 U. S. 639; *Missouri, K. & T. Co.* v. *Harriman,* 227 U. S. 657; *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Hart* v. *Penn. Ry. Co.,* 112 U. S. 331; *Greenwall* v. *Barrett,* 199 N. Y. 170; *United Lead Co.* v. *Lehigh Valley R. R. Co.,* 156 App. Div. 525; 141 N. Y. Supp. 310; *Everett* v. *Norfolk S. R. Co.,* 138 N. C. 68.)

*Wilmot L. Morehouse* for respondent. The contract between plaintiff and the New York Central Railroad Company does not exempt or limit the liability of the carrier for loss caused by its own negligence. (*Nichols* v. *N. Y. C. & H. R. R. R. Co.,* 89 N. Y. 370; *Maynard* v. *City of Syracuse,* 71 N. Y. 180; *Holsapple* v. *R., W. & O. R. R. Co.,* 86 N. Y. 275; *Bermel* v. *N. Y., N. H. & H. R. R. Co.,* 62 App. Div. 389; 172 N. Y. 639.)

MILLER, J. The decision of this appeal turns on the construction and effect of the following special contract entered into between shipper and carrier indorsed on the bill of lading and signed by the shipper:

" The consignor of this property has the option of shipping same at a higher rate without limitation as to value in case of loss or damage from causes which would make the carrier liable, but agrees to the specified valuation named in case of loss or damage from causes which would make the carrier liable, because of the lower rate thereby accorded for transportation."

The value of the shipment was stated to be $5.00 per hundred pounds and the weight 3,750 pounds. The question arises on the exception to the refusal of the court to charge that the damages must be limited to $5.00 for each one hundred pounds in weight of the property shipped.

Although the rule in the Federal courts, unlike that prevailing in this state, has always been that a common carrier could not exempt himself from liability for negligence even by express words, it is settled by the decisions of the United States Supreme Court that a contract limiting liability to a value agreed upon for the purpose of fixing the rate is valid, and that holding is based on the principles of the common law, and not, as is said, on the provisions of the so-called Carmack amendment. (*Adams Express Co.* v. *Croninger*, 226 U. S. 491, and cases cited on page 510; *Kansas Southern Ry. Co.* v. *Carl*, 227 U. S. 639; *Mo., Kan. & Tex. Ry. Co.* v. *Harriman,* Id. 657.)

The question considered in those cases, as far as that amendment was concerned, was whether it prevented, not whether it permitted the making of such contracts, as is pointedly shown by a quotation from the opinion of the present chief judge of this court in *Greenwald* v. *Barrett* (199 N. Y. 170, 175), made by Mr. Justice LURTON in *Adams Express Co.* v. *Croninger* (*supra*), to wit:

" The language of the enactment does not disclose any intent to abrogate the right of common carriers to regulate their charges for carriage by the value of the goods or to agree with the shipper upon a valuation of the property carried. It has been the uniform practice of transportation companies in this country to make their charges dependent upon the value of the property carried and the propriety of this practice and the legality of contracts signed by the shipper agreeing upon a valuation of the property were distinctly upheld by the Supreme Court of the United States in *Hart* v. *Penn. R. R. Co.* (112 U. S. 331, 341)."

It is difficult to understand how more appropriate words could be used to express an agreement fixing a value as a basis for determining the rate and the amount of liability of the carrier in case of loss or damage than were used in the special contract above quoted. The rule in this state

is that although a common carrier may by contract exempt
itself even from negligence, it cannot do so by general
words. (*Mynard* v. *Syracuse, B. & N. Y. R. R. Co,,* 71
N. Y. 180.) But the contract in this case did not provide
for exemption from liability. On the contrary, the agree-
ment fixed the value of the goods and thereby measured
the liability of the carrier for damage or loss, whether
from negligence or otherwise. The carrier's charge was
based on the agreed value. For that charge it contracted
to be responsible for the safety of goods of that value.
The shipper should not be allowed to have one part of
the agreement, *i. e.,* the reduced rate, and reject the
other, *i. e.,* the agreed value. The respondent, however,
and the learned court below relied upon the case of *Bermel*
v. *N. Y., N. H. & H. R. R. Co.* (62 App. Div. 389,
affirmed on opinion below, 172 N. Y. 639) as establishing
the rule in this state that there was no limitation of lia-
bility for negligence even in such a case, unless expressly
provided for. We shall not attempt to distinguish the
*Bermel* case from the case at bar. Though not expressly
overruled its authority has been greatly weakened by
subsequent decisions of this court.

In *Tewes* v. *North Ger. Lloyd S. S. Co.* (186 N. Y.
151, 152) the contract was one between a passenger and
a steamship company governing the transportation of
baggage of the passenger and provided as follows:

" It is also agreed that neither the shipowner, nor the
passage broker or agent, nor the ship, is in any way liable
for loss of or injury to or delay in the delivery of luggage
or personal effects of the passengers beyond the amount
of fifty dollars, unless the value of the same in excess of
that sum be declared at or before the issue of this con-
tract, or at or before the delivery of said luggage to the
ship, and freight at current rates for every kind of property
is paid thereon."

In *Gardiner* v. *N. Y. C. & H. R. R. R. Co.* (201 N. Y.
387, 388) the contract was one between a passenger and a

railroad company governing the transportation of baggage on a fifty-trip family ticket which contained the following provision:

"Conditions. In consideration of the reduced fare at which this ticket is sold, the purchaser agrees that its use shall be subject to the following conditions: * * * 3. That this company's liability for baggage belonging to each passenger shall not exceed fifty dollars ($50)."

In the tariff published by the company there was a provision for rates on baggage in excess of the free allowance.

In principle we can see no distinction between this case and the *Tewes* and *Gardiner* cases. The contract in those cases provided for free transportation of baggage up to fifty dollars and for a charge beyond that sum. In this case the parties have agreed upon a valuation of the articles shipped for two purposes: (a) To determine the charge to be paid the carrier; (b) to measure the carrier's liability in case of loss. According to every rule of fair dealing both parties should be bound by the contract, unless the court is to interpose restrictions upon the right of shippers to contract. We are not disposed to make distinctions based upon the varying circumstances of different cases, unless they involve a difference of principle, but hold that a contract between carrier and shipper fixing the value of the goods shipped for the purpose of determining the rate of charge and the liability of the carrier in case of loss or damage concludes the shipper, though the loss or damage may be due to negligence. In so far as the *Bermel* case conflicts with that rule, it must be considered as overruled.

The judgment of the Trial Term and of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur.

Judgment reversed, etc.