answer, therefore, are no more than an amplification of the previous denial of the allegations contained in the tenth paragraph of the complaint. In any event, there is no excuse for the inclusion in this third defense of a repetition of the denials contained in the main defense, for the separate defense without these denials would be in itself a complete answer to the plaintiffs' cause of action, and proof of the facts therein set forth would be a bar to the plaintiffs' recovery herein, and that without any denial of the averments of the complaint.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to strike out paragraphs 9 and 11 from the second and third complete defenses granted, with $10 costs. All concur.

---

GOLDBERG v. NEW YORK CENT. & H. R. R. CO.   (No. 6300.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

CARRIERS (§ 110*)—LOSS OR INJURY TO GOODS—LIABILITY—FALSE STATEMENTS BY SHIPPER.

> The misrepresentation made by a shipper's agent, without fraudulent intent, that a case delivered to a carrier for interstate transportation contained dry goods, instead of furs, did not relieve the carrier of liability for its loss, though in reliance on such representation it charged the freight rate for dry goods, which was less than that for furs, where the bill of lading contained no specific clause exempting the carrier, or limiting its liability, in case of such a misdescription.
>
> [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 497–500, 503, 504; Dec. Dig. § 110.*]

Appeal from Trial Term, New York County.

Action by Samuel Goldberg against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, after a trial by the court without a jury, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

William Mann, of New York City, for appellant.
Milton M. Goldsmith, of New York City, for respondent.

SCOTT, J. The action is for the value of goods lost in transit. Plaintiff is a fur manufacturer. On September 17, 1912, he delivered to defendant, for transportation to Cincinnati, a case containing furs of the value of $693.75. There was evidence, which in the nature of things could not be contradicted, and which the trial judge believed, that when the case left plaintiff's possession it was marked with the name and address of the consignee and with the word "furs" conspicuously displayed. The case was delivered by plaintiff to a local expressman, whose driver actually delivered the case to defendant, and who made out the bill of lading, which defendant signed, and upon which the action depends. This bill of lading describes the goods as "one case D. G.," which it is conceded means "dry goods." Defendant's clerk, who signed the bill of lading, relied entirely upon the repre-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sentations made by the driver as to the contents of the case, never saw the case itself, and, so far as appears, no representative of defendant ever compared, or had an opportunity to compare, the bill of lading with the marks on the case. The complaint alleges that defendant's contract of carriage was:

"In consideration of a reasonable compensation, then agreed to be paid to it by the plaintiff, and which compensation was the usual freight rate for *dry goods* between New York City and Cincinnati, the defendant agreed" safely to carry and deliver the goods.

It is conceded that at the time of the shipment the official freight classification filed with the Interstate Commerce Commission provided for a first-class rate for dry goods and a double first-class rate for furs, to wit, 65 cents, and $1.30 per 100 pounds, respectively. As a result of the misdescription in the bill of lading of the contents of the case, the plaintiff was charged and agreed to pay the smaller rate applicable to dry goods, instead of the higher rate applicable to furs. Although it is conceded that the plaintiff is chargeable with the act of the express driver in misdescribing the ·contents of the case, the court has found, and for the purpose of this appeal we must accept his finding, that such misdescription was the driver's mistake, and not made with any intention to fraudulently misrepresent the nature of the merchandise shipped.

The defendant relies upon a line of ·cases, in the United States Supreme Court and elsewhere, wherein it has been held that a false statement as to *value,* by which a lower rate is paid or agreed to be paid than would be charged if the true value of the goods was stated, limits ·the liability of the common carrier to the *value stated.* These cases do not, however, go to° the extent of relieving the carrier from all liability in case of such a misrepresentation, and of such limitation of liability Judge Lurton, speaking for the United States Supreme Court, says in Adams Express Co. v. Croninger, 226 U. S. 511, 512, 33 Sup. Ct. 154, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257:

"But such a contract as we are considering in this case is not an exemption from liability for negligence in the management of property, within the meaning of the statute. It is a contract as to what the property is, in reference to its value. The purpose of it is not to change the nature of the undertaking of the common carrier, or limit his obligation in the care and management of that which is intrusted to him. It is to describe and define the subject-matter of the contract, so far as the parties care to define it, for the purpose of showing of what value that is which comes into the carrier's possession, and for which he must account in the performance of his duty as a carrier. It is not in any proper sense a contract exempting him from liability for the loss, damage, or injury to the property, as the shipper describes it in stating its value for the purpose of determining for what. the carrier shall be accountable upon his undertaking, and what price the shipper shall pay for the service and for the risk of loss which the carrier assumes."

I do not think those cases are applicable. There was here no misstatement of value, but merely a nonfraudulent misstatement of the kind of goods shipped. I find nothing in the statute or decisions, and there is no specific clause in the bill of lading (as there is as to value), exempting the carrier or limiting his liability in case of such a misdescription as the present. The company undoubtedly had the right

to collect the excess freight when it discovered the mistake, and the shipper is criminally liable under section 10, paragraph 3, of the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, 24 Stat. 382, as amended by Act June 18, 1910, c. 309, 36 Stat. 549 [U. S. Comp. St. 1913, § 8574]), if he "knowingly and willfully" misrepresents the contents of the package. But I can see no ground on the facts of this case upon which defendant can escape liability altogether.

The judgment appealed from should be affirmed, with costs. All concur.