LEO L. D'UTASSY, Appellant, *v.* WILLIAM M. BARRETT, as President of ADAMS EXPRESS COMPANY, Respondent.

Carriers — express companies — stipulation that value of shipment does not exceed $50 — when such limitation of value is effectual as a partial defense in action to recover value of goods shipped by express, which were stolen by agent of express company.

1. An agreed valuation of an interstate shipment of goods between a shipper by express and the carrier concludes the shipper as against the acts of the carrier's employees outside the scope of their employ-

ment and covers the theft or conversion of the property by such employees as well as loss by negligence or by acts of third parties.

2. The complaint alleges that the defendant received certain packages from plaintiff's assignors for interstate shipment and agreed to carry the same to the consignees thereof, but that the company, " its agents, servants and employees," stole said packages and their contents and have unlawfully disposed of said property and have converted the same to their own use, to plaintiff's damage. The effect of the answer and a demurrer thereto is that the defendant admits that " its agents, servants and employees " stole, unlawfully disposed of and converted the packages to their own use and alleges that the value was stipulated not to exceed fifty dollars for each shipment, and claims that if the evidence discloses that the property was stolen and converted by an agent, servant or employee of the company the liability of the defendant should be limited to that sum. *Held,* that the partial defense is good.

*D'Utassy* v. *Barrett,* 171 App. Div. 772, affirmed.

(Argued November 20, 1916; decided December 28, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 19, 1916, which affirmed an order of Special Term overruling a demurrer to the amended answer.

The following questions were certified:

" 1. Is the affirmative defense set forth in the paragraphs of the amended answer designated III, IV, V, VI and VII sufficient in law upon the face thereof to constitute a partial defense to the first cause of action set forth in the amended complaint herein ?

" 2. Is the affirmative defense set forth in the paragraphs of the amended answer designated X and XI sufficient in law upon the face thereof to constitute a partial defense to the second cause of action set forth in the amended complaint herein ?

" 3. Is the affirmative defense set forth in the paragraphs of the amended answer designated XIV and XV sufficient in law upon the face thereof to constitute a par-

tial defense to the third cause of action set forth in the amended complaint herein?

"4. Is the affirmative defense set forth in the paragraphs of the amended answer designated XVIII and XIX sufficient in law upon the face thereof to constitute a partial defense to the fourth cause of action set forth in the amended complaint herein?

"5. Is the affirmative defense set forth in the paragraphs of the amended answer designated XXII and XXIII sufficient in law upon the face thereof to constitute a partial defense to the fifth cause of action set forth in the amended complaint herein?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*Arthur W. Clement* and *Wilson E. Tipple* for appellant. The affirmative act of conversion of the shipments by the express company deprives the express company of the benefit of the limitation of its liability to the fifty dollars specified in its express receipt. (*Magnin* v. *Dinsmore,* 62 N. Y. 35; *Wheeler* v. *O. S. N. Co.,* 125 N. Y. 155; *Rosenthal* v. *Weir,* 170 N. Y. 148; *Fein* v. *Weir,* 199 N. Y. 540; 129 App. Div. 299; *S. T. Co.* v. *Wells Fargo Express Co.,* 178 N. Y. 620; *Keeney* v. *N. Y. C. R. R. Co.,* 47 N. Y. 525; *Maghee* v. *C., etc., R. R. Co.,* 45 N. Y. 514; *McKahan* v. *Am. Ex. Co.,* 209 Mass. 270.)

*William D. Guthrie* and *Edward V. Conwell* for respondent. The admission by the demurrer of a fraudulent misrepresentation and concealment of the true value of the package shipped estops the plaintiff from claiming a larger value. (*Boyle* v. *Bush Terminal R. R. Co.,* 210 N. Y. 389; *Hart* v. *Penn. R. R. Co.,* 112 U. S. 331; *Hohl* v. *Norddeutscher Lloyd,* 175 Fed. Rep. 544; *Donlon Bros.* v. *Southern Pacific Co.,* 151 Cal. 763; *Greenwald* v. *Barrett,* 199 N. Y. 170; *Rosenthal* v. *Weir,* 170 N. Y. 148; *Gibbon* v. *Paynton,* 4 Burr. 2298; *Peo-*

*ple* v. *Schmidt,* 216 N. Y. 324; *Riggs* v. *Palmer,* 115 N. Y. 506.)

Pound, J. The complaint alleges that the defendant received certain packages from plaintiff's assignors for interstate shipment and agreed to carry the same to the consignees thereof, but that said "Adams Express Company, its agents, servants and employees," stole said packages and their contents and have unlawfully disposed of said property and have converted the same to their own use, to plaintiff's damage upwards of $2,000. The answer sets up as a partial defense that it was agreed between the shipper and defendant that the value of each shipment was not more than $50 and that the defendant should not be liable for more than $50 thereon; that the shipper concealed the true value of the property; that charges were fixed and filed with the interstate commerce commission as required by the Interstate Commerce Act of Congress of February 4, 1887, and the acts amendatory thereof, including the Carmack amendment; that a higher charge would have been made if the true value had been given; that greater care would also have been taken to prevent the loss or theft of the property "as well through the acts or omissions of the agents or employees of said express company as through the acts or omissions of other persons."

To this affirmative partial defense the plaintiff demurs on the ground of the legal insufficiency thereof. The effect of the pleadings is that the defendant admits that "its agents, servants and employees" stole, unlawfully disposed of and converted the packages to their own use and alleges that the value was stipulated as well in case the property was so stolen or converted by the employees of the defendant as in case the loss or theft was due to the acts of third parties, and, therefore, claims that if the evidence discloses that the property was so stolen and converted by an agent, servant or employee of the defendant,

the liability of the defendant should be limited to $50 on each shipment. Proof of actual conversion by the defendant itself would, under this partial defense, establish full liability, for it is not pleaded that the value is agreed upon as against such an act. As the defendant may act only through agents whose acts in the scope of their employment are attributed to it, the question narrowly presented is whether the agreed valuation applies to an action for the conversion of the goods by an employee for his own benefit and amounts to a partial defense.

Agreements of limited liability are upheld where the loss is due to ordinary negligence or to the wrongful act of another (*Boyle* v. *Bush Terminal R. R. Co.*, 210 N. Y. 389, 392; *Boston & Maine R. R.* v. *Hooker*, 233 U. S. 97); but the law remains that the carrier may not claim a limitation of liability to a certain amount for its affirmative wrongdoing (*Magnin* v. *Dinsmore*, 62 N. Y. 35), when the plaintiff makes proof thereof. (*Wamsley* v. *Atlas S. S. Co.*, 168 N. Y. 533.) This distinction between a limitation of liability for conversion and for negligence is clearly shown in the cases.

The distinction must be borne in mind between a limitation of liability and an agreed valuation in case of liability. When it is urged that the limitation of value should not be applied to any case of theft by the carrier's employees, for the reason that the company is liable for such acts as if the company had been the thief (*Adams Express Co.* v. *B. & W. Co.*, 35 App. Cas. [D. C.] 208), the argument loses sight of this distinction. When the agent acts within the scope of his employment in taking possession of the shipment "in legal effect it was the same as if the defendant, personified, had taken it" (VANN, J., in *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363, 373), but the liability may exist and the valuation of the shipment in case of liability may be agreed upon when the rates for transportation are based on the valuation of the goods intrusted to the carrier.

The reason for the rule sustaining the declared and agreed valuation is to prevent fraudulent practices by shippers in obtaining a lower rate by under valuation. (*Kansas City Southern Ry. Co.* v. *Carl*, 227 U. S. 639, 652; *Pierce Co.* v. *Wells, Fargo & Co.*, 236 U. S. 278.) While the rule should not be extended to permit a carrier to realize a profit by converting valuable shipments, such conversions are so unusual as to be almost negligible. It would be unjust and contrary to the policy of the law to permit the agreed valuation to be overthrown for the purpose of enabling the shipper to obtain a recovery in excess thereof in a suit for loss or damage on any theory of trover or conversion for loss of goods by wrongful deliveries or acts of employees for their own benefit, based, not on the wrongful misconduct of the carrier as such, but on the act of the employee. (*Rosenthal* v. *Weir*, 170 N. Y. 148, 154.) The liability of carriers of goods at common law was that of insurers, and proper care and diligence were insufficient to avoid such liability. The duty was to carry the goods and deliver them to the consignee. A breach of that duty imposed liability. The innocent mistakes of the servant in delivering the goods no less than his willful misconduct in breach of the trust reposed in him constituted a conversion by the carrier. (*Price* v. *Oswego & Syracuse R. Co.*, 50 N. Y. 213.) But the contract in suit does not evade the liability; it merely fixes the valuation of the goods when liability is established. In an action for damages against the carrier, the shipper is bound by the terms of the contract, and it is of the highest importance that competent parties be held to the terms of their valid contracts. "The transactions in question related to interstate commerce; consequent rights and liabilities depend upon Acts of Congress, agreement between the parties and common law principles accepted and enforced in Federal Courts." (*Southern Express Co.* v. *Byers*, 240 U. S. 612, 614; *N. Y. C. & H. R. R. R. Co.* v. *Beaham*, 242 U. S. 148, 151.) It has been held in cases

involving negligence or the acts of third parties that where alternate rates fairly based upon valuation are offered, liability may be limited by special contract (*Cincinnati, N. O. & Tex. Pac. Ry. Co.* v. *Rankin,* 241 U. S. 319); that where a valuation has been agreed upon between the shipper and the carrier such value shall be the maximum amount for which any carrier may be held liable, whether or not the loss or damage occurs from negligence (*Cleveland, C., C. & St. Louis Ry. Co.* v. *Dettlebach,* 239 U. S. 588, 593); that having obtained a rate based on the declared value the shipper is concluded and there is no room for parol evidence to show otherwise (*Mo., K. & T. Ry. Co.* v. *Harriman,* 227 U. S. 657, 670); that so long as the tariff based on value remained operative it was binding upon the shipper and carrier alike and was to be enforced by the courts in fixing the rights and liabilities of the parties (*Great Northern Ry. Co.* v. *O'Connor,* 232 U. S. 508, 515; *Atchison, T. & S. F. Ry. Co.* v. *Robinson,* 233 U. S. 173, 180); that the question is not one of form but of actuality (*Southern Ry. Co.* v. *Prescott,* 240 U. S. 632, 639), and that the effect of the stipulation cannot be escaped by the mere form of the action, the scope and effect of which is an action for damages against the carrier. (*Georgia, F. & A. Ry. Co.* v. *Blish M. Co.,* 241 U. S. 190, 197.) The contention of appellant that the agreed value does not conclude the shipper as against the acts of employees outside the scope of their employment cannot be sustained without ignoring the terms of the contract, disregarding the intent of the parties and of the acts of Congress regulating interstate transportation and holding the carrier to a different responsibility than that which it assumed.

The order should be affirmed with costs, and the questions should be answered in the affirmative.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE-BACK, HOGAN and CARDOZO, JJ., concur.

Order affirmed.