CLARA GASSMAN, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Fourth Department, November 14, 1923.

Common carriers — carriers of goods — action to recover value of clothing, fur clothing and jewelry lost in transfer of freight shipment — bill of lading stated package contained clothing — misstatement of contents of package not shown — non-fraudulent misstatement by which lower rate was secured is not defense — carrier not liable for goods not rated as to which no special agreement was made — plaintiff not prevented from recovering for clothing though she may not recover for jewelry.

A non-fraudulent misstatement of the contents of a package shipped by freight on account of which a lower rate is charged than that fixed by the tariff does not constitute a defense by the carrier for the loss of goods in transit.

Accordingly, in this action to recover for clothing, fur clothing, jewelry and other articles of wearing apparel which were shipped by the plaintiff from Rochester to Buffalo and lost in transit, in which it does not appear that the plaintiff made any statement whatever as to the contents of the package, but that the bill of lading contained a statement that the package contained clothing, it is no defense to the action to recover the value of fur clothing, which presumably carried a higher rate than ordinary clothing, that the plaintiff did not state to the defendant's shipping agent that the package contained said fur clothing.

If the tariff does not contain any rate for jewelry and no special agreement was made between the plaintiff and the defendant for the shipment of the jewelry which was contained in the package, then under section 6 of the printed conditions upon the bill of lading, which provides that the carrier shall not be liable in such a case unless a special agreement and the stipulated value of the articles are indorsed on the bill of lading, the plaintiff cannot recover the value of the jewelry lost.

The fact that the plaintiff may be prevented from recovering the value of the jewelry does not defeat her right to recover the value of the clothing and fur clothing.

APPEAL by the plaintiff, Clara Gassman, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 29th day of June, 1923, affirming a judgment of the City Court of Buffalo in favor of the defendant.

*Kellogg & Weil* [*Dorsey W. Kellogg* and *Elmer R. Weil* of counsel], for the appellant.

*Locke, Babcock, Spratt & Hollister* [*J. J. Kelly* of counsel], for the respondent.

HUBBS, P. J.:

The complaint was dismissed at the close of the plaintiff's evidence upon the ground that the plaintiff had failed to make out a cause of action.  The court might have found, upon the evidence in the case, that the plaintiff delivered to the defendant's agent at Buffalo a cedar chest filled with clothing, fur clothing, jewelry and other articles of wearing apparel; that she paid the freight charges fixed by the tariff on file for the transportation of clothing to Rochester, N. Y.; that after the chest arrived at Rochester she reshipped it to Buffalo, paying the same amount, a new bill of lading being made out by the defendant's agent in Rochester on which it was stated that the shipment consisted of " 1 cedar chest crated (clothing)."  When the chest was delivered to the plaintiff at Buffalo it was discovered that it had been opened and the contents taken out while it was in the defendant's possession.

I assume that the rate charged for the shipment was the rate fixed by the tariff on file for the shipment of clothing and that the tariff rate for the shipment of fur clothing was higher than the rate charged.  The record does not disclose the different tariff rates.

The respondent seeks to sustain the judgment upon the ground that there was a misstatement of the contents of the chest and that the rate charged was lower than that fixed by the tariff.  It does not appear that the plaintiff made any statement as to the contents of the chest to the defendant's agent at Rochester when the shipment was rebilled to Buffalo.  It does not appear where the agent gained the information upon which to make out the new bill of lading.  It is not claimed that the plaintiff made any fraudulent statements.  She testified that she told the defendant's agent at Buffalo that the chest contained clothing and jewelry, but there is no evidence of such a statement to the Rochester agent.

A non-fraudulent misstatement of the contents of a package shipped by freight on account of which a lower rate is charged than that fixed by the tariff does not constitute a defense by the carrier for the loss of the goods in transit.  The carrier may recover the increased rate which should have been paid. (*Goldberg* v. *N. Y. C. & H. R. R. R. Co.*, 164 App. Div. 389; affd., 221 N. Y. 539; writ of error granted, 245 U. S. 655; 62 L. ed. 533; judgment affirmed, 250 U. S. 85; 63 L. ed. 857; 10 C. J. 513.)  That case involved a shipment in interstate commerce, but the same rule

applies in an intrastate shipment. (*N. Y. C. & H. R. R. R. Co.* v. *Smith,* 62 Misc. Rep. 526; *Central Railroad of N. J.* v. *Mauser,* 241 Penn. St. 603; 49 L. R. A. [N. S.] 92, 93, n.)

Section 6 of the printed conditions upon the bill of lading reads: " Sec. 6. No carrier will carry or be liable in any way for any documents, specie, or for any articles of extraordinary value not specifically rated in the published classification or tariffs, unless a special agreement to do so and a stipulated value of the articles are indorsed hereon." If it should appear upon a new trial that jewelry was not specifically rated in the tariff upon file and that there was no special agreement to carry it in accordance with the condition on the bill of lading, above quoted, then there can be no recovery for the value of the jewelry lost.

It is urged by the respondent that the case of *Hachadoorian* v. *Louisville & Nashville R. R. Co.* (128 App. Div. 171) and the case of *Boyle* v. *Bush Terminal R. R. Co.* (210 N. Y. 389) require us to hold not only that there can be no recovery for the loss of the jewelry but also that there can be no recovery for the loss of the fur clothing. Such a holding would be in direct conflict with the decision in *Goldberg* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) unless the decision in that case be limited to interstate shipments. I do not think it should be so limited. The *Hachadoorian* and *Boyle* cases are distinguishable. In those cases there were specific clauses in the contract of shipment which prevented recovery. In the *Hachadoorian* case it does not appear that Persian shawls, Persian rugs and diamond rings shipped had any tariff rate. In that case section 6 of the bill of lading above quoted was printed on the bill of lading and became one of the terms of the contract. The contract, therefore, was, in effect, the same as though the bill of lading had read — no carrier will be liable for Persian shawls, Persian rugs or diamond rings " unless a special agreement to do so, and a stipulated value of the articles, are indorsed hereon." In the *Boyle* case there was a specific contract limiting the defendant's liability to the value fixed in the contract, in consideration of a lower rate. The court held that such specific contract was legal and binding on both parties. That principle is not applicable to this case where there was no contract limiting the liability of the defendant carrier.

Here, so far as the record discloses, there was an innocent misstatement in the bill of lading, or a failure to state that the chest contained fur clothing. Fur clothing was covered by the tariff, and the extra freight charge for transporting it can be recovered. Such a situation does not require a holding which

would relieve a carrier from all liability. (10 C. J. 513, and note.) The fact that the plaintiff may not be able to recover the value of the jewelry lost does not prevent her from recovering the value of the clothing.

The judgment of the City Court and of the Special Term should be reversed upon the law and a new trial ordered, with costs to the appellant to abide the event.

All concur; SEARS and CROUCH, JJ., in result only.

Judgment of Special Term and judgment of the City Court of Buffalo reversed on the law and a new trial granted in the City Court, with costs to appellant to abide event.