REGINA V. G. MILLHISER, Appellant, *v.* BEAU SITE COMPANY, Respondent.*

First Department, December 7, 1928.

*William O. Gennert* of counsel [*Frederick C. Tanner* and *George H. Eichelberger* with him on the brief; *Butcher, Tanner & Foster,* attorneys], for the appellant.

*John McKim Minton, Jr.,* of counsel [*Harold R. Medina* with him on the brief; *Edwards, Murphy & Minton,* attorneys], for the respondent.

MARTIN, J. In May, 1919, while the plaintiff was a guest at the Hotel Biltmore, operated by the defendant, she delivered to the clerk at the reception desk certain packages for safekeeping which were placed in the safe provided for that purpose. They contained jewelry which plaintiff had been keeping in her room. It is alleged that the defendant was not apprised of the fact that the packages contained jewelry; and this was not indicated by the packages themselves. The plaintiff did not state the value of the packages to the clerk.

About June 13, 1919, when she asked for their return, it was discovered that the jewelry was missing. Some of it was recovered, but articles of the stipulated value of $50,000 were not recovered. It subsequently developed that the jewelry had been stolen from

* Modfg. 129 Misc. 855.

the safe in the hotel by a clerk in the employ of the Hotel Biltmore. The clerk was arrested, tried, convicted and sentenced to prison for the larceny and was in prison at the time of the trial of this case.

The safe was made of steel. It contained approximately 200 separate compartments or safe deposit boxes. In order to lock or unlock any one of these boxes the use of two keys was required, a master key and an individual key. The individual key of the box used for plaintiff's packages was given to her. The master key was retained by the defendant. Two keys, the master key and the individual key delivered to the guest, were required to open a box. For each lock there was a guest key which would not fit any other lock. There were no duplicates of the guests' keys. If a guest lost his or her key, it was necessary to break open the box and to have a new lock and a new key made.

It was conceded that the defendant posted the statutory notice in the public parlors and public rooms of the hotel to the effect that a safe was provided in the office of the hotel for the use of the guests, in which money, jewelry and other valuables might be deposited for safekeeping, as required by section 200 of the General Business Law (since amd. by Laws of 1923, chap. 417).

The record discloses that a man by the name of James E. Foye was employed by defendant in the year 1918 by one Miller, the vice-president and general manager of the defendant. Mr. Miller died before the trial, so that it was impossible for the plaintiff to obtain evidence as to the manner of Foye's employment or whether any investigation had been made when he was employed.

The parties waived a jury and stipulated that the court direct a verdict. The court made and filed its decision, directing a verdict in favor of the plaintiff for the sum of $250.

The plaintiff appeals, claiming to be entitled to recover the full value of her conceded loss. It is contended by plaintiff that this is primarily an action for conversion; that the defendant, a bailee for hire, was not alone guilty of negligence in the care of the plaintiff's valuables, but, through its agents, was guilty of conversion and theft; that it should make full restitution to plaintiff; and that section 200, article 12, of the General Business Law is not a defense in part to a claim for the full amount.

In *Magnin* v. *Dinsmore* (62 N. Y. 35) it was pointed out that, although a shipper and carrier may agree to limit the liability of the carrier, yet where it, its agent, servants or employees steal the goods intrusted to it, the limited liability cannot be set up as a defense even where the shipper failed to state the value of the goods. The opinion stated as follows: " It is proper also to add, that while such a concealment, under such a contract as there is

in this case, relieves the carrier from liability for a loss occurring from ordinary negligence, we do not now hold that he will be thereby thus relieved, where his acts or those of his servants have amounted to a misfeasance or abandonment of his character as carrier."

In *D' Utassy* v. *Barrett* (219 N. Y. 420) we find this: " As the defendant may act only through agents whose acts in the scope of their employment are attributed to it, the question narrowly presented is whether the agreed valuation applies to an action for the conversion of the goods by an employee for his own benefit and amounts to a partial defense.

" Agreements of limited liability are upheld where the loss is due to ordinary negligence or to the wrongful act of another * * * but the law remains that the carrier may not claim a limitation of liability to a certain amount for its affirmative wrongdoing * * *. This distinction between a limitation of liability for conversion and for negligence is clearly shown in the cases. * * * When the agent acts within the scope of his employment in taking possession of the shipment ' in legal effect it was the same as if the defendant, personified, had taken it.' " (Citing *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363, 373; *Heuman* v. *Powers Co.*, 226 id. 205.)

In *Fein* v. *Weir* (129 App. Div. 299; affd., 199 N. Y. 540) it was held that, where a servant of the carrier steals the goods, the carrier is liable for a conversion.

And in the recent case of *Honig* v. *Riley* (244 N. Y. 105) the Court of Appeals said: " In one of the opinions at the Appellate Term the point was made that the statute, if read as the defendant reads it, would permit the innkeeper or the proprietor of a restaurant to limit his liability to $75, in default of disclosure of the value, though he had stolen or willfully misused the thing confided to his custody. We have no thought by our decision to sanction such injustice. The statute is aimed at loss or misadventure. It has no application to theft by the defendant or his agents." (Citing *D' Utassy* v. *Barrett*, 219 N. Y. 420.)

We are of the opinion that, as the hotel clerk stole the jewelry after those in authority in the hotel had invited guests to leave jewelry in its safe, the hotelkeeper cannot limit its liability by pleading article 12, section 200 of the General Business Law.

The judgment should be modified by increasing the amount thereof as entered to the full sum claimed by plaintiff, with interest and costs, and as so modified affirmed, with costs to the appellant.

DOWLING, P. J., MERRELL and PROSKAUER, JJ., concur.

O'MALLEY, J. (concurring). I concur in the result upon the ground that the defendant was not entitled to the benefits of

article 12 of the General Business Law, for the reason that it failed to comply with the provisions of said article, particularly section 206 thereof, which requires, among other things, the posting of a printed copy of section 200.

Judgment modified by increasing the amount thereof as entered to the sum of $54,750 and costs, and as so modified affirmed, with costs to the appellant.