VINCENT GLINSKY, Respondent, v. DUNHAM & REID, INC., Appellant.

First Department, November 7, 1930.

*Robert Hopper* of counsel [*Charles S. Hoff,* attorney], for the appellant.

*Albert de Roode* of counsel [*Goldstein & Goldstein,* attorneys], for the respondent.

O'MALLEY, J. The complaint alleges that on July 22, 1927, the plaintiff deposited with the defendant for storage for hire certain personal property; that the plaintiff paid the storage charges demanded by the defendant, which agreed safely to keep the chattels during plaintiff's absence in Europe; and that plaintiff agreed upon his return to pay the storage charges incurred during his absence.

The gravamen of the complaint is in the further allegations that on or about August 30, 1928, " the defendant in breach of the aforesaid agreement and bailment, without the knowledge or consent of plaintiff, converted to its own uses and purposes the said chattels," and that the defendant has refused and failed to return them to the plaintiff, notwithstanding his offer to pay any storage charges due. It is alleged that the value of the chattels was $60,000, for which amount judgment is demanded.

The second separate and partial defense interposed is to the effect that there was delivered to the defendant for deposit personal property pursuant to the terms and conditions of a special contract, wherein it was agreed that the value of each or any piece or package and the contents thereof was not more than fifty dollars, and was so declared by the plaintiff; that the defendant accepted delivery relying upon such declaration of value and made its charges therefor, based upon such declaration; and that under the terms of the contract the liability of the defendant for any cause for which it might be liable is limited to such agreed value.

The copy of the special contract annexed to the pleading provides: " Unless a greater value is stated herein, the depositor declares that the value, in case of loss or damage, whether arising out of the storage, transportation, packing, unpacking or handling of the goods, and the liability of the company for any cause for which it may be liable, for each or any piece or package and the contents thereof, does not exceed and is limited to fifty dollars, upon which declared or agreed value the rates are based, such depositor having been given the opportunity to declare a higher valuation without limitation, in case of loss or damage from any cause which would make the company liable and to pay the higher rates based thereon."

The third separate and partial defense reiterates the allegations of the second, and further states that, with intent to induce defendant to charge a lower rate than it would have been entitled to charge and otherwise would have charged had the amount stated in the complaint been fully disclosed, the plaintiff falsely concealed from the defendant that the value of the property was sixty thousand dollars and represented that the value thereof for each or any piece or package and contents was not more than fifty dollars;

that the defendant in good faith, relying upon such representations, fixed its charges in accordance with the value as declared, and that by reason of such concealment and representations the plaintiff obtained from the defendant a lower rate for the storage of the property than the defendant would have made if the true value had been declared. The defense further sets forth that the defendant's rates and charges for storage were graduated according to the value of property as declared, and that an additional charge would have been made for property of value in excess of fifty dollars, and that in cases of articles worth more than fifty dollars it cared for the same in a manner requiring more care and expense and affording greater protection and security for the property than in the case of a declared value of less than fifty dollars. It is set forth that the plaintiff is thereby estopped from claiming a greater value than fifty dollars for any piece or package and contents thereof.

The question presented is whether under the circumstances detailed in the complaint the defendant may plead such matter by way of defense.

The complaint is clearly founded upon a conversion by this defendant itself. It is not subject to an interpretation of a conversion by any of the defendant's servants, agents or employees outside of the scope of their authority. The defenses must be read in the light of such allegations. To stand they must offer a defense to a conversion by this defendant itself and for its own purposes.

We are of opinion that under the theory of *D' Utassy* v. *Barrett* (219 N. Y. 420), regarding the terms of the special contract above quoted as fixing a limitation of liability affecting merely the measure of recovery, rather than a limitation of liability itself, it still remains that this defendant may not take advantage of its own affirmative wrongdoing or misfeasance. (*Heuman* v. *Powers Co.*, 226 N. Y. 205, 209.) Like the statutes considered in *Honig* v. *Riley* (244 N. Y. 105) and *Millhiser* v. *Beau Site Co.* (251 id. 290), the contract here has no application to theft or similar wrongdoing by the defendant itself.

It follows, therefore, that the order so far as appealed from should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order so far as appealed from affirmed, with ten dollars costs and disbursements.