## MENUEZ v. JULIUS KINDERMANN & SONS, Inc.

District Court, S. D. New York.
April 30, 1937.

Hobart S. Bird, of New York City (Albert De Roode, of New York City, of counsel), for plaintiff.

O. J. & W. J. Kalt, of New York City (William J. Kalt, of New York City, of counsel), for defendant.

**LEIBELL**, District Judge.

This is an action for damages arising out of an alleged conversion by defendant warehouseman of certain goods, furniture, etc., stored by plaintiff with defendant as a warehouseman.

Plaintiff moves under rule 109(6) of the Rules of Civil Practice to strike out an affirmative defense contained in the answer on the ground that it is insufficient in law. The defense alleges that "it was provided by the terms of a certain warehouse receipt issued by defendant to one Caroline B. Bird, * * * which said receipt is specifically referred to by the plaintiff in paragraph 'Seventh' of the complaint" that "Any dispute or claim arising out of or for the breach of this agreement shall be settled by arbitration * * * provided, however, that upon such arbitration, the arbitrator may not vary, modify or disregard the foregoing provision respecting the declared or agreed valuation of the goods."

The provision relating to valuation limits the liability of the defendant warehouseman to the sum of $50 for any piece or package stored.

■ (1) Although it is claimed that this motion is not timely under rule 109, I am inclined to grant an extension of time and consider the motion on the merits for the reason that the action will shortly come to trial and the question of whether the cause is triable in this court or must be submitted to arbitration depends upon the sufficiency of the defense here under attack.

(2) It will be noted that the arbitration clause in the warehouse receipt, as set forth in the answer, limits the arbitrator in granting an award to the declared or agreed value of the goods as the limit of the warehouseman's liability.

■ In an action for conversion, where the warehouseman is the alleged wrongdoer, the limitation of liability clause in the warehouse receipt does not constitute a valid defense. Glinsky v. Dunham & Reid, Inc., 230 App.Div. 470, 245 N.Y.S. 359; D'Utassy v. Barrett, 219 N.Y. 420, 424, 114 N.E. 786,

5 A.L.R. 979. Likewise, in the case of a carrier: Adams Express Co. v. Berry & Whitmore Co., 35 App.D.C. 208, 31 L.R.A. (N.S.) 309. See, also, cases collected in 99 A.L.R. 266.

■ The limitation clause in the warehouse receipt should be construed as not intended by the parties to apply to the case of a conversion by the warehouseman himself of property stored with him. However, even if the clause were intended to limit his liability in the event of a conversion, such a provision is invalid as conflicting with the last paragraph of section 91 of the General Business Law of New York (Consol.Laws, c. 20).

■ Since, in the warehouse receipt issued by defendant, the limitation of liability clause forms an essential and inseparable term and condition of the provision for arbitration, it follows that the alleged agreement to arbitrate is insufficient as a defense to this action. A determination to the contrary would permit an improper limitation of liability through the medium of an arbitration award.

■ (3) In construing the arbitration clause, we must apply the test of the intention of the parties to the bailment contract. What controversies did they intend should be submitted to arbitration? The agreement read "any dispute or claim arising out of or for the breach of this agreement," in other words a claim based on contract not conversion. Will any one say that at that time they had in mind the possibility that the warehouseman would convert the goods to his own use and purposes? It is reasonable to assume that the owner would never have stored her goods with the warehouseman if the owner thought that the warehouseman might convert the goods to his own use. Clearly a claim based on conversion was not within the contemplation of the parties.

Motion to strike out the special defense based on the arbitration clause is granted. Submit order on notice.