ANNA C. McCLOY, Plaintiff, *v.* PENNSYLVANIA RAILROAD COMPANY et al., Defendants.

First Department, December 21, 1943.

*Harold R. Medina, Jr.,* of counsel (*Cravath, de Gersdorff, Swaine & Wood,* attorneys), for plaintiff.

*William McNamara* of counsel (*A. G. H. Power* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys for Pennsylvania Railroad Company; *Louis J. Carruthers,* attorney for Long Island Rail Road Company), for defendants.

UNTERMYER, J.  The plaintiff seeks to recover damages for the loss of baggage delivered by her on May 19, 1941, to the agent of the defendant Pennsylvania Railroad Company at Chester, Pennsylvania, for transportation to Forest Hills, N. Y.

At the time the plaintiff checked the baggage on her interline ticket, she signed and delivered a declaration to the effect that the value did not exceed $100.  At the foot of the declaration there was printed " Baggage liability is limited in accordance with tariff regulations, and any excess valuation will be subject

to tariff charge.'' The plaintiff made no other declaration of value and paid no charge for transportation of the baggage other than the cost of the passenger ticket. The baggage is now agreed to have had a value of $2,000 and to have included both jewelry and cash.

At the terminal in New York City plaintiff's baggage was delivered by the Pennsylvania Railroad Company to the Long Island Rail Road Company for transportation to Forest Hills. Due, however, to the construction of the station and the location of facilities, no baggage is unloaded at the Forest Hills station from eastbound trains. It is the practice of the Long Island Rail Road Company to carry baggage destined for Forest Hills to Jamaica and then return it to Forest Hills on westbound trains. In accordance with this practice plaintiff's baggage was carried to Jamaica and placed in the baggage room.

When the plaintiff arrived at her hotel in Forest Hills on May 19, 1941, she despatched a porter to the Forest Hills station to receive the baggage. The porter was informed by the station agent, at about 2:45 P. M., that the baggage had not arrived and that the next train on which baggage was usually carried from Jamaica would not arrive until 10:15 in the morning of the following day. However, at three o'clock in the afternoon of the same day, a telephone message was received at the Jamaica station from a person describing himself as the Forest Hills station agent, who, after furnishing the numbers on the plaintiff's baggage checks, requested that the plaintiff's baggage be sent to Forest Hills on a train arriving there at 3:15 P. M., and stated that he would await the arrival of the train. It is admitted that this call was not made by the Forest Hills station agent and that neither the plaintiff nor either defendant had any connection with the person who had made the call.

The employees of the Long Island Rail Road Company at Jamaica, believing the person who had telephoned to be the station agent at Forest Hills, complied with the request and placed the plaintiff's baggage on the specified train. On arrival at Forest Hills, the baggage was deposited on the station platform in the usual manner at about 3:15 P. M. The station agent, whose tour of duty ended at 3:15 P. M., had left the station ignorant of the fact that any baggage was to be received. When the baggage was unloaded, the station platform was deserted except for an unidentified man who, as the train left the station, was seen by the trainmen to be approaching the plaintiff's baggage. The baggage has never been delivered to the plaintiff and she still retains the checks issued for it.

The plaintiff contends that the defendants' acts constitute both conversion and gross negligence and that she is entitled to recover the full amount of the loss, amounting to $2,000. The defendants contend that their liability is limited by express contract and declaration to $100, which they have offered to pay to the plaintiff but which she has refused. We think the defendants' liability is limited to that sum, whether we apply to this interstate shipment the rules prevailing in the Federal courts (*New York Central & H. R. R. R. Co.* v. *Beaham,* 242 U. S. 148; *Kansas Southern Ry.* v. *Carl,* 227 U. S. 639; *Southeastern Express Co.* v. *Pastime Co.,* 299 U. S. 28), or whether we apply, as the plaintiff contends that we must, the rules which apply to such shipments within the State.

On the conceded facts, neither of the defendants nor any of their employees were guilty of such a conversion of the plaintiff's property (*Glinsky* v. *Dunham & Reid, Inc.,* 230 App. Div. 470) as to render inapplicable the declared valuation. (*D'Utassy* v. *Barrett,* 219 N. Y. 420; *Magnin* v. *Dinsmore,* 70 N. Y. 410.) Indeed, it cannot even be asserted that the employees of the Long Island Rail Road delivered the plaintiff's baggage to the wrong party (*Cundy* v. *Lindsay,* L. R. [3 App. Cas.] 459) if that consideration be deemed to be material. They delivered the baggage, not to any thief, but upon the station platform at Forest Hills intending that the station agent should take it into custody, in the belief that he was still on duty. They did not deliver it to the wrong party under a mistake concerning his identity. (Compare *Phelps* v. *McQuade,* 220 N. Y. 232.) The removal of the plaintiff's property from the possession of the Long Island Rail Road Company thus constituted an act of larceny at common law.

There remains for consideration only the question of the negligence of the Long Island Rail Road Company. The plaintiff asserts that the acts of that defendant constituted gross negligence; the defendant asserts that there was no negligence and that, if negligence there was, it must be characterized as ordinary rather than gross negligence. If the determination of the submission depended upon such distinctions, we should dismiss the proceeding upon the ground that it involved the determination of an issue of fact (*Feist* v. *Fifth Avenue Bank,* 280 N. Y. 189.) It is, however, unnecessary to decide these questions for the reason that even if the defendant Long Island Rail Road Company was grossly negligent, it is protected against liability in excess of the declared valuation. (*Bassett* v. *C. & N. W. Ry. Co.,* 168 Wis. 617.) If, as was held in *D'Utassy* v. *Barrett*

(*supra*), the carrier under such a stipulation is not liable for conversions committed by its employees, it seems inevitably to follow that it is not liable for their ·gross negligence.

Judgment should be directed in favor of the plaintiff for the sum of $100, without costs.

TOWNLEY, GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff for the sum of $100, without costs. Settle order on notice. [See *post,* p. 868.]