## TACCETTA v. CHAUNCEY RICE & ROGOVIN, Inc., et al.

District Court, S. D. New York.

May 14, 1947.

Max J. Gwertzman, of New York City, for plaintiff.

Benjamin L. Tell and Charles Werner, both of New York City, for Chauncey Rice & Rogovin, Inc.

George I. Janow, of New York City, for Indemnity Marine Assur. Co., Limited.

COXE, District Judge.

There are two questions in this case; one, whether the defendant Chauncey Rice & Rogovin, Inc., is liable to the plaintiff for the full value of the plaintiff's mink coat; and, second, whether if the defendant Chauncey Rice & Rogovin, Inc., is so liable, the amount may be recovered by the defendant Chauncey Rice & Rogovin, Inc.,

from the defendant Indemnity Marine Assurance Company, Limited.

The action is brought by the plaintiff against the defendant Chauncey Rice & Rogovin, Inc., for negligence in the handling of the plaintiff's mink coat. It is a case, therefore, of ordinary bailment, and the defendant Chauncey Rice & Rogovin, Inc., was required to return the coat or to explain its loss in some satisfactory way.

The defendant Chauncey Rice & Rogovin, Inc., has neither returned the coat nor offered any satisfactory explanation for the failure to do so. It is, therefore, liable to the plaintiff for the value which was shown by the appraisal of October 7, 1943, to be $3,500. There is also the testimony of Mr. Rogovin in his deposition before trial that the coat was worth $3,500 in August of 1944, or the time when the loss was discovered.

■ It is, however, insisted by the defendant Chauncey Rice & Rogovin, Inc., that under the language of the receipt given to the plaintiff when she left the coat for repairs and storage on April 17, 1944, the liability was limited to $100. The evidence is uncontradicted that at the time the coat was left with the defendant Chauncey Rice & Rogovin, Inc., on April 17, 1944 the plaintiff stated that she was fully insured. The receipt itself contains an endorsement to that effect.

The plaintiff further testified that she did not wish to pay any additional premium for further insurance. The language of the receipt did not limit the liability of the defendant Chauncey Rice & Rogovin, Inc., as bailee, for loss or damage from the bailee's own negligence, but it rather contemplated that the property would be insured by the bailee against loss or damage under such circumstances that the bailee would not be liable to the bailor under the common-law rule.

■ With respect to the second question relating to the remedy over against the defendant Indemnity Marine Assurance Company, Limited, it appears that the defendant Chauncey Rice & Rogovin, Inc., had a floating policy with the defendant Indemnity Marine Assurance Company, Limited, covering goods in storage as reported from time to time with the values at risk. The evidence is not entirely clear whether the defendant Chauncey Rice & Rogovin, Inc., reported the plaintiff's coat at risk in these routine reports, but I accept the testimony of Mr. Rice that the premium was actually paid to the insurance company covering the plaintiff's coat valued at $100.

The policy itself contains a legal liability endorsement reading as follows: "1. In consideration of an additional premium as herein provided, and subject to the following conditions and limitations, the policy to which this endorsement is attached is extended to cover in excess of the amount (s) stipulated in the assured (s) receipt (s) as applying to any one article, the common law or statutory limitation of the assured named in the policy to which the endorsement is attached as a bailee for direct loss of or damage to the property insured under the policy while in all situations covered thereunder."

Under the language of this legal liability endorsement, I think, the liability of the defendant Indemnity Marine Assurance Company, Limited, is not limited to the amount of $100 stated as the value of the mink coat, but that the defendant Indemnity Marine Assurance Company, Limited, is liable to the defendant Chauncey Rice & Rogovin, Inc., for the full amount of the loss, namely, $3,500.

■ With respect to the attorneys' fees of the attorneys for the defendant Chauncey Rice & Rogovin, Inc., the evidence shows that the defendant Indemnity Marine Assurance Company, Limited, refused to assume the defense of the action, and I think that under the terms of the policy the fees of the attorneys in defending the suit are chargeable against the defendant Indemnity Marine Assurance Company, Limited. I fix the amount of these fees at $750, which I think is reasonable under the circumstances.

Is there anything further?

"Mr. Tell: Would you add interest to the verdict, if your Honor please?

"The Court: I suppose you are entitled to interest. That is as of what date?

"Mr. Tell: August 24, 1944.

"The Court: There may be interest on the recovery as of August 24, 1944."

I suggest that if there is to be any appeal that further proposed short, concise findings be submitted at the time that the decree is proposed for settlement.