OPINION OF THE COURT
Per Curiam.
Order entered August 27, 1993 modified by granting defendant-appellant United Parcel Service summary judgment limiting its liability to the sum of $100 on the cross claim of defendant-respondent Pologeorgis Furs, Inc.; as modified, order insofar as appealed from affirmed, with $10 costs to defendant-appellant payable by defendant-respondent.
In the absence of any competent showing that the alleged nondelivery of plaintiffs’ fur coat resulted from any "affirmative wrongdoing” on the part of defendant United Parcel Service (UPS) or its employees, UPS is entitled to the benefit of its contractual and tariff provisions limiting liability for loss to $100, at least as against the shipper, defendant Pologeorgis Furs, Inc. (Furs) (see, Art Masters Assocs. v United Parcel Serv., 77 NY2d 200, 206-207). No valid legal distinction can be drawn between the situation presented in Art Masters, where the nondelivery was occasioned by the carrier’s action in leaving the package outside of the correct location, either unattended or with a person not employed by the consignee, and that alleged in this case, involving a claimed loss resulting from the carrier’s alleged misdelivery of the package to the wrong address (cf., Fireman’s Fund Ins. Co. v Wagner Fur, 760 F Supp 1101). In neither context can the carrier be held to the tariff-avoiding consequences of a "true conversion — a defendant’s willful or intentional misconduct occasioning the nondelivery” (Art Masters Assocs. v United Parcel Serv., supra, at 206, citing Federal law), since neither situation implicates a "nondelivery resulting] from the carrier’s affirmative wrongdoing” (Art Masters Assocs. v United Parcel Serv., supra, at 207, principally citing D’Utassy v Barrett, 219 NY 420 [involving theft by carrier’s employees]). Defendant UPS is thus entitled to summary judgment limiting its liability, if established, to the sum of $100 on the cross claim asserted against *258 it by defendant Furs, which, it is agreed, had the opportunity to and did not declare a higher value for the shipment.
Summary relief is not available to UPS, however, on the main action brought by plaintiffs, the owners of the fur coat who, so far as shown, had no direct contractual relationship here with UPS. Whether UPS may properly invoke the limitation of liability against plaintiffs will depend on several factors not developed on this record, including the nature of the relationship between plaintiffs and defendant Furs and whether plaintiffs expressly or impliedly authorized defendant Furs to procure UPS to ship the fur coat in this case (see, Schoeffer v United Parcel Serv., 277 App Div 569; see also, Marohn v Burnham Van Servs., 478 F Supp 49).
Parness, J. P., Miller and McCooe, JJ., concur.