MARIANI BROTHERS, INC., Respondent, *v.* THOMAS WILSON, SONS & CO., LTD., Appellant.

First Department, July 3, 1919.

Carriers — sufficiency of evidence to overcome statement in bill of lading of quantity received — limitation of liability — exemption from liability for negligence — application of rules to case arising under Harter Act — validity of limitation of liability as dependent on choice of rates — statement in signed bill of lading as admission of choice — effect of failure to sign bill — burden of proof as to non-existence of alternative rates — presumption of existence of choice arising from statements in unsigned bill.

Testimony on the part of a carrier of goods that it had delivered all the property that had been received by it, and if a less quantity was delivered than called for by the bill of lading then a less quantity had been received by it, cannot have weight against a bill of lading acknowledging the receipt of a greater quantity than was delivered.

A carrier may limit its liability for damages occasioned by its own negligence by a contract fairly made with the shipper agreeing on a valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation.

But a carrier cannot exempt itself from the consequences of its own or its servant's negligence.

First Department, July, 1919.                    [Vol. 188.

These rules are applicable to cases arising under the Harter Act (Act of February 13, 1893, chap. 105).

It is essential to the validity of an agreement limiting a carrier's liability for negligence that a choice of rates shall be given.

Where a bill of lading signed by both parties recites that lawful alternate rates based on specific values were offered, such recitals constitute admissions by the shipper and sufficient *prima facie* evidence of a choice.

The fact that the shipper did not sign the bill does not alter the rule but only makes it more difficult to prove that he was fully informed of its terms.

The burden of proof is on a shipper alleging the invalidity of a bill of lading limiting the liability of the carrier to show that there was no alternative in existence, or that he was refused an alternative rate by the carrier.

In the absence of evidence to the contrary the presumption is in favor of a statement in a bill of lading that the shipper had a choice of rates.

Appeal by the defendant, Thomas Wilson, Sons & Co., Ltd., from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of December, 1918, affirming a judgment of the City Court of the City of New York in plaintiff's favor for $1,787.66, entered upon the verdict of a jury.

*Ray Rood Allen* of counsel [*Burlingham, Veeder, Masten & Fearey*, attorneys], for the appellant.

*Samuel F. Frank*, for the respondent.

Page, J.:

The action was to recover damages for the loss by reason of the defendant's negligence of seven barrels of olive oil shipped from Malaga, Spain, to New York on a steamship owned by the defendant, a corporation, organized under the laws of Great Britain.

On or about May 6, 1917, there were delivered on board defendant's vessel by the plaintiff's vendors 200 barrels of olive oil to be transported to New York. The master of the vessel delivered four bills of lading each covering 50 barrels of the oil. Only 193 barrels were delivered to the plaintiff. The failure to deliver the 7 barrels was unexplained. The position assumed by the defendant upon the trial was that it had delivered all the barrels that had been received by it, and if only 193 were delivered that number of barrels was all that were received. Such testimony could not have

weight as against the bills of lading issued by the master of the vessel acknowledging the receipt of 200 barrels. The defendant further claimed that by the terms of the bill of lading its liability was limited to £20 per barrel, and that the recovery, if any, could not exceed $666.40.

The court by consent of counsel submitted three questions to the jury:

*First.* Did the defendant receive 200 barrels of oil at Malaga mentioned in the four bills of lading in evidence?

*Second.* Was the defendant negligent?

*Third.* If the former questions were answered yes, how many gallons of oil· were in the seven barrels which were not delivered?

The jury answered the first two questions " yes," and the third, 657½ gallons. The court took the matter under advisement and wrote an opinion reviewing the cases in the courts of this State and in the Federal courts and arrived at the conclusion that the clause intended to limit the carrier's liability was void under the " Harter Act," and directed judgment in favor of the plaintiff for the sum of $1,578 (657½ gals. at $2.40 per gal.). The Appellate Term affirmed the judgment without opinion and allowed an appeal to this court.

The bills of lading under which the shipment was made provide upon the backs thereof: " Any responsibility of the shipowners for goods carried under this bill of lading shall not extend beyond Two Pounds per cubic foot, nor beyond Twenty Pounds for any one piece or package unless freight has been paid *ad valorem* and contents and value inserted in the shipping note, and the bills of lading signed in accordance therewith."

The Harter Act (Act of Feb. 13, 1893, chap. 105; 27 U. S. Stat. at Large, 445, chap. 105, §§ 1, 2; 7 U. S. Comp. Stat. 1916, pp. 8564, 8571, §§ 8029, 8030) provides:

" [Sec. 1.] That it shall not be lawful for the manager, agent, master, or owner of any vessel transporting merchandise or property from or between ports of the United States and foreign ports to insert in any bill of lading or shipping document any clause, covenant, or agreement whereby it, he, or they shall be relieved from liability for loss or damage arising from negligence, fault, or failure in proper loading, stowage,

custody, care, or proper delivery of any and all lawful merchandise or property committed to its or their charge. Any and all words or clauses of such import inserted in bills of lading or shipping receipts shall be null and void and of no effect.

" Sec. 2. That it shall not be lawful for any vessel transporting merchandise or property from or between ports of the United States of America and foreign ports, her owner, master, agent, or manager, to insert in any bill of lading or shipping document any covenant or agreement whereby the obligations of the owner or owners of said vessel to exercise due diligence [to] properly equip, man, provision, and outfit said vessel, and to make said vessel seaworthy and capable of performing her intended voyage, or whereby the obligations of the master, officers, agents, or servants to carefully handle and stow her cargo and to care for and properly deliver same, shall in any wise be lessened, weakened, or avoided."

It is now well settled that a carrier may limit its liability for damages occasioned by its own negligence by a contract fairly made with the shipper agreeing on a valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation, but that the carrier cannot exempt himself from the consequences of his own or his servant's negligence. (*Hart* v. *Pennsylvania R. R. Co.*, 112 U. S. 331, 337, 338; *Calderon* v. *Atlas Steamship Co.*, 170 id. 272; *Adams Express Co.* v. *Croninger*, 226 id. 491, 509; *Cincinnati & Texas Pac. Railway* v. *Rankin*, 241 id. 319; *Reid* v. *American Express Co.*, Id. 544; *D' Utassy* v. *Barrett*, 219 N. Y. 420, 424; *Heuman* v. *Powers Co.*, 226 id. 205, 208.) This rule of law has been applied to cases arising under the Harter Act. It is only where the shipper attempts to obtain an exemption from liability for negligence that the provisions of bills of lading have been declared void. The right by contract to limit liability has been recognized and the limitation in such agreements enforced. (*Reid* v. *American Express Co.*, *supra*, 551; *Calderon* v. *Atlas Steamship Co.*, *supra*, 276; *Hohl* v. *Norddeutscher-Lloyd*, 175 Fed. Rep. 544; *Frederick Leyland & Co., Ltd.*, v. *Hornblower*, 256 id. 289.) The controlling question which is presented in all cases of this nature is this: does this clause limit the

liability of the carrier, or exempt him from liability? The clause limits the liability to twenty pounds per package unless freight has been paid *ad valorem* and contents and value inserted in the bills of lading. Freight was not paid *ad valorem* upon the shipment but a certain rate per kilo. If, therefore, there was an *ad valorem* rate which the carrier charged and the shipper accepted the bill of lading and paid at a rate by weight he must be deemed to have agreed that the carrier's liability was limited to the sum therein specified. If there was no such *ad valorem* rate, and hence the shipper had no choice, then the clause would be void. " The essential choice of rates must be made to appear before a carrier can successfully claim the benefit of such a limitation and relief from full liability." (*Cincinnati & Texas Pac. Railway* v. *Rankin, supra,* 327.) In the case last cited the defendant pleaded the bill of lading and that it had filed its schedule of rates with the Interstate Commerce Commission which were based on an *ad valorem* of the shipment, and the court held that in such a case " it may become necessary for the carrier to prove its schedules in order to make out the requisite choice. But where a bill of lading, signed by both parties, recites that lawful alternate rates based on specified values were offered, such recitals constitute admissions by the shipper and sufficient *prima facie* evidence of choice. If in such a case the shipper wishes to contradict his own admissions the burden of proof is upon him."

In the instant case the bills of lading were offered in evidence by the plaintiff as evidence of the contract on which it sued. It did not claim upon the trial that the shipper did not understand the terms of the bill of lading, or that he was ignorant of them because they were printed in fine type on the bill, nor did it show that no choice of rates was offered. To be sure the bill was not signed by the shipper, but the signing of the bill only made it easier to prove that he was fully informed of its terms. (*Hohl* v. *Norddeutscher-Lloyd, supra,* 547.)

The burden was upon the plaintiff to show that there was no alternative in existence or that he was refused an alternative rate by the carrier. He was informed that there was such a rate by the terms of the bill of lading and it was

clearly stated that unless he shipped under such rate the liability would be limited. In the absence of evidence to the contrary the presumption is in favor of the statement made in the bill of lading. (*Hart* v. *Pennsylvania R. R. Co.*, *supra; Hohl* v. *Norddeutscher-Lloyd, supra; Frederick Leyland & Co., Ltd.*, v. *Hornblower, supra,* 293.)

Our conclusion is that the liability of the defendant to the plaintiff was by the terms of the bill of lading limited to twenty pounds per barrel.

The determination of the Appellate Term is reversed, with costs to the appellant in this court and the Appellate Term, and the judgment of the City Court is reduced to $666.40, with interest and costs of that court added thereto.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concurred.

Determination reversed, with costs to appellant in this court and the Appellate Term, and judgment of the City Court modified by reducing same to $666.40, with interest and costs, and as so modified affirmed.