Mollie Goldenberg, Appellant, *v*. Paul Cutler and Others, Copartners, Doing Business under the Firm Name and Style of Cutler Brothers, Respondents.

Second Department, November 21, 1919.

Sales — " shipment " as used in contract of sale defined — time and place of shipment as warranty — sale calling for "November shipment "— tender of October shipment as compliance.

Where in a sale of goods a " shipment " of a specified date is mentioned the word " shipment " means that the goods will be delivered to the carrier and the bill of lading therefor issued on the date specified in the contract.

The specified time and place of shipment in a contract for the sale of goods to be delivered are regarded as a warranty, and upon the non-compliance therewith the other party may repudiate the whole contract.

Accordingly where a contract for the sale of goods specifies a November shipment the buyer will not be bound to accept one made on any day of October.

A tender of goods from a shipment made in October is not a sufficient tender under a contract calling for a November shipment.

Mills, J., dissented, with opinion.

Appeal by the plaintiff, Mollie Goldenberg, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 18th day of December, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of December, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*Samuel Widder*, for the appellant.

*A. S. Cutler* [*Saul J. Cutler* with him on the brief], for the respondents.

Putnam, J.:

Plaintiff sued on April 19, 1917, for breach of a written contract made October 30, 1916, with Morris Goldenberg, her assignor, for sale to plaintiff of five tons Chinese or Japanese antimony, November shipment from China, or Japan, at thirteen and one-eighth cents per pound, duty paid, f. o. b. New York, subject to British government regulations.

The complaint alleged that defendants had refused and neglected to give the name of the steamer on which the antimony was to have been shipped; but averred on information and belief that such November shipment from China and Japan had reached ports in the State of New York. It also alleged tenders of the agreed price to defendants on March 23 and April 18, 1917, which tenders had been refused.

The answer admitting the sale contract, alleged a tender by defendants of the material mentioned in the complaint, which the plaintiff's assignor had refused to accept. Defendants sought to show that such an offer of antimony had been made on January 5 or 6, 1917. This, however, was denied by plaintiff's assignor, who testified that defendants had been putting him off by saying that the antimony had not arrived. Defendants put in evidence a copy of a letter to plaintiff's assignor dated December 15, 1916, referring to the contract and stating that " we expect to deliver same from the steamship ' Tsuyama Maru ' " and requesting him to furnish them with consumer's guarantees, according to the British government regulations.

Plaintiff in rebuttal introduced three bills of lading by the Japanese steamer *Tsuyama Maru* from Shanghai, all dated October 28, 1916, for large quantities of antimony shipped and transported via the Panama canal to New York, to be deliverable to the order of the British Consul, or his assigns. These bills of lading being dated October 28, 1916, standing without contradiction or explanation, taken with defendants' letter naming that steamer, indicated that the antimony in defendants' possession in January was from these shipments of October twenty-eighth.

There was a further issue as to plaintiff's compliance with the British government regulations during the war period, which were intended to secure a guaranty satisfactory to the British Consul that the consumer would not export the antimony otherwise than to the United Kingdom or to a British possession. A guaranty to this effect by the Berger Metal Manufacturing Company was produced March 23, 1917, as part of the plaintiff's tender at that time.

These merchants had specified a " November shipment." Shipment means that the goods have been delivered to the

carrier and his bill of lading therefor issued. The time and place of such shipment are regarded as a warranty, that is, a condition precedent, upon the failure or non-performance of which the other party may repudiate the whole contract. (*Norrington* v. *Wright,* 115 U. S. 188, 203; *Mora y Ledon* v. *Havemeyer,* 121 N. Y. 179.) Where the contract specifies a November shipment, the buyer is not held to accept one on any date in October. (*Bowes* v. *Shand,* L. R. 2 App. Cas. 455; 35 Cyc. 178.)

Appellant, therefore, was entitled to a ruling substantially as requested, that if the antimony tendered to plaintiff's assignor was not from a November shipment, defendants had not made a tender under their contract. Hence there should be a new trial, with costs to the appellant to abide the event.

JENKS, P. J., RICH and BLACKMAR, JJ., concurred; MILLS, J., read for affirmance.

MILLS, J. (dissenting):

The sole question presented by this appeal is this: Did the learned trial justice err to the substantial prejudice of the appellant, the plaintiff, by holding as he did in various ways that the fact that the bills of lading in evidence were dated October 28, 1916, instead of some day in the following November, for instance even on November first, was immaterial.

The justice submitted the case to the jury upon the narrow issue whether or not the defendants did offer the antimony to the plaintiff's assignor in January, 1916, and he instructed them that if they found such tender established they should render a verdict for the defendants, but otherwise one for the plaintiff.

I conclude that in so holding the justice committed no such error; and I have reached that conclusion upon the following grounds, namely:

(a) There was no direct evidence that the company from which defendants obtained their antimony, and which was the consignee in said bills, did not have other shipments than those represented by those bills, and, therefore, no such evidence that the antimony tendered by defendants in January was of that October shipment.

(b) A shipment just prior to November, to wit, on October twenty-eighth, would satisfy the contract requirement for a November shipment. The distinction between that date and the date of November first, only three days later, is trivial upon its face, especially as there was no evidence of any facts — such as change of price or customary grading by months — making the three days earlier date of shipment of any material consequence.

(c) According to defendants' version, which the jury must have accepted as true in order, under the charge, to find a verdict for defendants, the plaintiff's assignor refused to accept the January tender upon the sole ground that he was unable to procure the consent of the British Consul, required by the "British government regulations" specified in the contract. It is manifest that if the said assignor had then taken the objection that it did not appear that the goods were of a November shipment the defendants might, for aught this record discloses, have readily obviated that objection by producing due proof that the goods were of such a shipment, or, even if they were not, by tendering other goods which were. It is elementary that under such circumstances the taking of an entirely different objection was a waiver of all others, or at least of any other which if then taken might have been obviated.

Moreover, there is no merit in plaintiff's claim if in fact such tender was really made in January. Then the market price had advanced only one cent a pound over the contract price, which was thirteen and one-eighth cents per pound. Plaintiff's assignor waited over two months and then, on March twenty-third when the market price had reached thirty-four cents a pound, an advance of 159 per cent, made his demand upon which this action is based.

Therefore, I dissent and vote to affirm the judgment and order appealed from, with costs.

Judgment and order reversed and new trial granted, costs to abide the event.