ACHILLE STARACE & CO., INC., Respondent, *v.* RAPOREL S. S. LINE, INC., and EDWARD M. RAPHEL & CO., INC., Appellants.

(Supreme Court, Appellate Term, First Department, December, 1920, Term — filed January, 1921.)

**Ships and shipping — contracts — terms of — evidence — rates — trial.**

> The only issue litigated in an action for the non-delivery of three cases of goods delivered by plaintiffs to defendant at the city of New York for shipment to a foreign port, was whether defendant's liability was limited to $100 for each case lost, and though the evidence showed that defendant had two rates, one of which was *ad valorem*, the trial justice, in spite of a clause in the bill of lading issued at the time the goods were delivered to defendant, which provided that "unless a higher value be stated herein, the value of the goods does not exceed $100 per package, nor $8 per cubic foot, and the freight thereon has been adjusted upon such valuation, and no oral declaration or agreement shall be evidence of a different valuation," gave judgment in favor of plaintiff in the sum of $688, the actual value of the goods which had been lost. *Held,* that said clause was of itself a statement that the rates were based upon a valuation of $100 and constituted a notice that if the shipper desired to place a higher valuation on the goods shipped, he must pay a higher rate.
>
> The contract in terms showing the existence of an *ad valorem* rate, the plaintiff, which had been in the export business for

several years, would have had notice of essential choice of rates had it read the contract or acquainted itself with its terms, and the judgment in its favor will be reduced to $288 and, as so modified, affirmed.

APPEAL by the defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of the plaintiff, for the sum of $783.

James A. Hatch, for appellants.

David Bernstein, for respondent.

LEHMAN, J. The plaintiff delivered to the defendants three cases of goods for shipment from this city to Port-au-Prince, in the republic of Haiti. The goods were never delivered to the consignee, and the defendants admit liability for their loss. At the trial it was stipulated that the only issue to be litigated is " whether or not defendants' liability in this action is to be limited to the sum of $100 for each package or case lost."

When the goods were delivered to the defendants they issued a bill of lading, and amongst the conditions printed upon the bill of lading is the following: " 21. Unless a higher value be stated herein, the value of the goods does not exceed $100 per package, nor $8 per cubic foot, and the freight thereon has been adjusted upon such valuation, and no oral declaration or agreement shall be evidence of a different valuation." In spite of this clause in the bill of lading, the trial justice has given judgment in favor of the plaintiff in the sum of $688, which represents the actual value of the goods which had been lost.

In the case of *Mariani Bros., Inc., v. Wilson, Sons & Co., Ltd.,* 188 App. Div. 617, the court reiterated the well-settled rule " that a carrier may limit its

liability for damages occasioned by its own negligence by a contract fairly made with the shipper agreeing on a valuation of the property carried, with the rate of freight based on the condition that the carrier assumes liability only to the extent of the agreed valuation." In that case, however, the court pointed out that such contracts limiting the liability of the carrier are valid only where " the rate of freight is based on the condition that the carrier assumes the liability only to the extent of the agreed valuation," and that, therefore, " the ' essential choice of rates ' must be made to appear before a carrier can successfully claim the benefit of such a limitation and relief from full liability," and the trial justice has apparently held that this " essential choice of rates " was not shown in the present case.

The evidence does show that the defendants did have two rates, and that one of the rates was an *ad valorem* rate, but there is no evidence that defendants filed any tariff showing such rate with the interstate commerce commission, or that it was expressly offered to the plaintiff's agent who had charge of this shipment, and this agent denies that he knew of the existence of this rate or of the clause in the contract limiting the carrier's liability. The shipment by the plaintiff was not an interstate shipment, and the defendants were, therefore, not required to file any tariff with the interstate commerce commission. The clause limiting the liability itself constitutes a statement that the rates were based upon a valuation of $100 and constitutes a notice that if the shipper desired to place a higher valuation on the goods shipped, he must pay a higher rate. In the case of *Mariani Bros., Inc.,* v. *Wilson, Sons & Co., Ltd., supra,* the court stated in regard to a similar clause: " The burden was upon the plaintiff to show that there was no alternative

in existence or that he was refused an alternative rate by the carrier. He was informed that there was such a rate by the terms of the bill of lading and it was clearly stated that unless he shipped under such rate the liability would be limited. In the absence of evidence to the contrary the presumption is in favor of the statement made in the bill of lading.'' The plaintiff admits that this statement of the law is binding upon this court, but claims that it has overcome this presumption by its affirmative proof that it did not know of the existence of this clause in the contract or of the existence of any *ad valorem* rate. If the plaintiff had notice of the existence of an *ad valorem* rate the benefit of which he could secure upon request, then plainly the defendants were not required expressly to offer such rate to the plaintiff. Since the terms of the contract itself show the existence of such a rate, the plaintiff would have had notice of '' essential choice of rates '' if it had read the contract. The plaintiff had been in the export business for several years. It undoubtedly knew that the bill of lading delivered by the defendants contained various covenants and conditions which were intended to constitute the terms upon which the shipment was delivered and received, and the defendants cannot be deprived of the benefit of any such terms merely because the plaintiff did not choose to read their contract or acquaint itself with its terms.

The judgment in plaintiff's favor should, therefore, be reduced to the sum of $288, with appropriate costs in the court below, and as modified affirmed, with twenty-five dollars costs to the appellants.

GUY and WAGNER, JJ., concur.

Judgment modified and as modified affirmed, with twenty-five dollars costs to appellants.