HENRY P. WINTER and Others, Respondents, *v.* GERMAN KAHN, Appellant.

First Department, March 20, 1925.

Sales — action for refusal to accept goods — contract for tin to be shipped from China in October — tender of shipment made in September not in compliance with contract — October embargo by United States government not defense, especially since contract covered that contingency?

A seller cannot recover damages from a buyer for refusal to accept tin which under the terms of the contract was to be shipped from China in October, 1918, where the tin tendered to fill the contract was shipped in September, 1918; the seller did not perform his contract.

The fact that the United States government placed an embargo on the importation of tin from China after October 20, 1918, did not authorize the seller to tender a shipment of tin made in September; especially is this true since the contract provided that in case of such a contingency, the operation of the contract would be suspended until the removal of the embargo, or in case the embargo continued for ninety days the seller would be permitted to tender and the buyer to accept the tin at the place where it was then located.

APPEAL by the defendant, German Kahn, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of January, 1924, after a trial at the New York Trial Term before the court without a jury pursuant to a stipulation of the attorneys that a verdict be directed with the same force and effect as though a jury were present. (See Trial Term Rules, Supreme Court, New York County, rule 4.)

*Barnes, Wilson & Halstead* [*Bernard C. McKenna* of counsel; *James M. Snee* with him on the brief], for the appellant.

*Humes, Buck, Smith & Tweed* [*Raymond J. Scully* of counsel], for the respondents.

McAVOY, J.:

This action is to recover damages for breach of contract based on defendant's failure to accept five tons of No. 1 Chinese tin, ninety-nine per cent pure, shipment from China, October, 1918.

There are two causes of action alleged in the complaint. The first cause alleges the contract and plaintiffs' performance and defendant's breaches. The second cause also alleges the contract and plaintiffs' non-performance is stated and the excuse for plaintiffs' failure to perform according to the terms of the contract is alleged. It is then set forth that plaintiffs were prevented by the laws and regulations of the governments in both the United States and Great Britain from performing the contract according to its terms. Plaintiffs then allege that they tendered other tin, to wit, No. 1 Chinese tin, ninety-nine per cent pure, shipped in September of 1918, and defendant's alleged breach in failing to take the tin.

The trial was had before the court without a jury by stipulation and judgment was directed for $3,526.92 in favor of the plaintiffs. Most of the facts were stipulated, and a copy of the War Trade Board's regulations revoking all licenses to import tin from China after October 20, 1918, was received in evidence. There was only one witness called by the plaintiffs who said that he was unable to purchase Chinese tin of the quantity ordered to be shipped from China during October, 1918, in the New York market. He said that he made no attempt to make such purchase until the 17th of October, 1918, although the time within which the goods were to have been shipped under the contract would expire the 20th of October, 1918. He also testified that the tin which was tendered to the defendant was sold in various lots to other parties at the market price on the dates of sale after defendant's refusing to accept the September tin. No particular tin was purchased to fill this contract, but the order was filled out of tin purchased in June, 1918, before the date of the contract in suit, and at that time it was not allocated to any particular contract.

Defendant also called but one witness who was defendant's manager, who testified that he applied to plaintiffs for the name of the steamer carrying shipments of tin, but the plaintiffs never replied to the request, nor sent in any manner the name of the steamer. This constituted the only oral evidence in the case.

The defendant's contention is that plaintiffs having tendered tin other than that contracted for, to wit, tin shipped in September, 1918, when the contract called for shipment in October, 1918, plaintiffs cannot recover, since defendant was under no duty to accept any tin other than that called for by the contract. This is the prevailing rule in a cause of this nature. When the seller sets forth that the goods will be shipped at a certain time in his contract and he ships before that time, a tender of the goods so shipped in the absence of waiver by the buyer is not a good tender and the buyer may insist upon the goods specified in the contract.

The leading authority on this subject is an English case entitled *Bowes* v. *Shand* (L. R. 2 App. Cas. 455). That was an action in which the defendants bought from the plaintiffs at London 600 tons of Madras rice, to be shipped at Madras for London during March or April per steamship *Rajah of Cochin.* The plaintiffs filled 8,200 bags of which 7,120 were put on board, between the twenty-third and twenty-eighth of February, and on the twenty-eighth of February put 1,030 bags aboard, and the remainder on the second of March. When this rice was tendered to the defendants they refused to accept it on the ground that the contract had not been performed according to the terms thereof. The shipment according to the terms was to be made in March or April, and plaintiffs having shipped most of the rice during February, had not performed the contract. This was the contention that was upheld on appeal in England in the House of Lords Privy Council, and defendants were held not bound to accept the shipment because the words relating to the date of shipment were a part of the subject-matter, and were warranty that the goods sold should be goods of that kind and due performance was not shown until plaintiffs had shown that they had tendered a thing which they had contracted to sell. This doctrine has been adopted in New York State. (*Hill* v. *Blake,* 97 N. Y. 216; *Goldenberg* v. *Cutler,* 189 App. Div. 489.) Although the New York Court of Appeals case is a case in which there was a late delivery, that is, the goods which were Scotch iron were to be shipped according to the contract in December or January and were not shipped until February, yet the question of delay does not seem to be the ground upon which the decision rests, the rule being given that iron shipped in February is not a good tender under a contract for iron shipped in December or January. In the *Goldenberg Case (supra)* the Appellate Division of the Second Department recognized this rule as controlling in 1919, and held that where the buyer sued the seller for failure to deliver 500 tons of antimony for shipment from China during November, 1916, and the seller made a tender of antimony shipped during October, 1916, and the buyer refused the tender and the defendant seller set up the refusal of the buyer to accept the October antimony in the buyer's action for failure to deliver as a defense to such action, the tender of an October shipment of antimony was not a performance of the contract calling for November shipment of antimony; that, therefore, there was no defense to the buyer's action for failure to deliver the antimony according to the contract. The court cites the case of *Bowes* v. *Shand (supra)* and asserts that the time and place of shipment are regarded as a warranty or a condition precedent upon the failure or non-perform-

ance of which the party aggrieved may repudiate the whole contract. When, therefore, the seller tenders metal shipped a month prior to the date which the contract specifies, the buyer need not accept the tender and is freed from any obligation to accept any metal excepting that shipped according to the terms of the contract.

Nor did the embargo declared by the United States government on October 20, 1918, give the plaintiffs the right to tender September tin in performance of their agreement to deliver the October tin, especially so because the contract specifically provided for such an eventuality.

The resolution attached to the contract suspended its operation until the removal of the embargo, or in case the embargo continued for ninety days after the tin was ready for shipment, the seller was permitted to tender and the buyer to accept it at the place where it then was located.

There is also error alleged in that the damages were inadequately proven, which complaint seems borne out by the record, but for the reason that plaintiffs did not perform the conditions precedent and have thus failed to establish a cause of action, judgment dismissing the complaint should be rendered and the judgment given below reversed.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, MERRELL, MARTIN and BURR, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.