NATIONAL BLOUSE CORPORATION, Respondent, *v.* ALFRED FELSON et al., Copartners Doing Business under the Name of ALFRED FELSON, Appellants.

First Department, June 22, 1948.

*Joseph Fennelly, Jr.* of counsel (*Martin J. Kelly, Jr.*, attorney), for appellants.

*Joseph Haskell* for respondent.

VAN VOORHIS, J. This is an appeal by defendants from an affirmance by the Appellate Term of a judgment of the City Court of the City of New York awarding to plaintiff the sum of $500 and costs for the loss in transit within the city of New York of ten packages of ladies' blouses, which defendants received as common carriers by truck from plaintiff, consigned to Grayson's, 270 West 35th Street, Borough of Manhattan. There is no dispute concerning the loss of these goods, nor concerning defendants' liability, nor that the value of the goods exceeded the $500 awarded to plaintiff. The issue is solely in respect to the amount of the recovery in view of an alleged contractual limitation of liability, reading as follows: " In consideration of the rate charged, the shipper agrees that the company shall not be liable for more than $50.00 on any shipment accepted for delivery to one consignee unless a greater value is declared at time of shipment and charge for such greater value paid, or agreed to be paid. Where a greater value is declared the charge will be based at 10c. for each $50.00 of declared value."

Respondent declared no value in excess of fifty dollars.

The above-quoted clause appeared upon a bill of lading or waybill issued by defendants to plaintiff. Upon this document were listed numerous other shipments besides the one here involved. It was dated May 10, 1944. On it appeared two separate items of ten packages each for delivery to Grayson's. One of these shipments of ten packages was delivered, so that the controversy concerns only the shipment of the other ten.

Plaintiff has recovered $500 on the theory that the fifty dollar maximum applied to each package rather than to the entire shipment of ten packages. It seems to us that this contention is erroneous. The maximum limit of liability was not meant to depend upon how this shipment of merchandise was packed. It was one shipment to one customer of ten parcels, and the limitation of liability was not affected by whether they were wrapped into one bundle or several bundles. Whether it be one or more

shipments depends upon the billing, and in this case these packages were billed as one. Therefore, the fifty dollar maximum applies to the whole ten packages.

The term " shipment " is closer akin to the idea of a consignment of goods for which a shipping document has been issued, than it is to the kind of property or the manner in which it has been packaged. Thus in *Goldenberg* v. *Cutler* (189 App. Div. 489, 490) considering what was meant by the words " November shipment ", the court said: " Shipment means that the goods have been delivered to the carrier and his bill of lading therefor issued." Funk & Wagnall's New Standard Dictionary (1935 ed.) defines " shipment " as: " 1. The act of shipping anything; as, to contract for the *shipment* of wheat. 2. That which is shipped; a consignment; as, a *shipment* of cattle." The example given of a shipment of cattle, following mention of consignment as a synonym, indicates that each animal was not considered as a separate shipment, but that a consignment of a number of cattle pursuant to one contract or shipping document is deemed to be a shipment. The definition of " consignment " is as follows: " 1. The act of consigning something, or that which is consigned. 2. A written instrument by which something is consigned."

The circumstance that a transportation charge was made to plaintiff of $1.50 for this merchandise, computed at fifteen cents per bundle, does not militate against the foregoing conclusion. One of the defendant partners stated that their transportation charges were based on weight and volume of the merchandise transported. There was no flat rate of fifteen cents per bundle, regardless of whether it was small or large, light or heavy. The $1.50 was deemed to be a reasonable handling charge for these goods, and it did not cease to be one shipment or consignment for the reason that the charge was arrived at by computing fifteen cents for each bundle.

The contention of respondent is unfounded that this limitation of liability is void as against public policy on the ground that such limitation had no relationship to the amount charged for freight. The established rule is that a common carrier cannot make a valid contract exempting itself from damages for negligence, and that such is the effect of a clause in a bill of lading fixing a maximum liability for loss in transit, unless the shipper is given a choice of rates depending on his valuation of the goods (*Union Pacific R. R. Co.* v. *Burke,* 255 U. S. 317; *Hart* v. *Pennsylvania Railroad Co.,* 112 U. S. 331). Where such a choice is offered, the shipper under the doctrine of estoppel is restricted

to recovering the valuation which he has declared, or, if none has been declared, then to the maximum specified in the contract as controlling in the absence of a higher declaration.

The limitation to fifty dollars in the contract in the case at bar does not fall under the condemnation of this rule. A choice is offered to the shipper, viz., to pay ten cents for each additional fifty dollars of declared value on the shipment as a whole. The contention of respondent is therefore incorrect that the limitation of liability had no relationship to the amount of the freight charge. If the plaintiff had chosen to declare a greater value than fifty dollars for the shipment, the contract provided that plaintiff would have had to have paid ten cents for each extra fifty dollars of declared value in addition to the $1.50 " basic " charge for the physical handling of the goods. Plaintiff relies heavily on the answer of one of the defendant partners to the following question: " Q. Now, did your limitation of $50 have any relationship at all to the amount charged? A. No ", and also on his statement on the examination before trial: " Q. Does value have anything to do with the price? A. Not with the basic price."

What the witness was saying is clear enough from the record. He stated, in effect, that the $1.50 covered the work involved in the physical transportation of these goods and was computed in a general way according to their weight and volume. It was what he called the " basic price ", into the fixing of which value did not enter. His statement that the limitation of fifty dollars had no relation to the $1.50 charged, simply meant that they had computed the $1.50 for the physical handling of the goods, without charging anything additional to compensate themselves for risk of loss up to fifty dollars. The first question to the witness quoted above, which was couched in the language of the Court of Appeals in *Burke* v. *Union Pacific R. R. Co.* (226 N. Y. 534, 542), is unrelated to the question of public policy which the court had under consideration and in relation to which it used that language, as the opinion of the United States Supreme Court elucidates more in detail when the judgment was affirmed in that court *sub nom. Union Pacific R. R. Co.* v. *Burke* (255 U. S. 317). What the court referred to, and condemned, was not this situation, but one where there was no opportunity for the shipper to declare a higher value and pay a higher freight charge. Here the total freight charge to the customer would be made up, as has previously been stated, of the said " basic price " of $1.50 on this shipment plus ten cents per fifty dollars of such value **above the original fifty dollars as the shipper might declare on**

his goods. The declared value of the goods manifestly bore a direct relation to defendants' charges for freight. If the defendants neglected to charge for the risk of loss which they assumed up to the first fifty dollars, that would not invalidate the contract. The presumption is that the schedule of ten cents per fifty dollars of additional risk is reasonable. (*Hart* v. *Pennsylvania Railroad Co.,* 112 U. S. 331, *supra; Pierce Co.* v. *Wells, Fargo & Co.,* 236 U. S. 278; *Ansaldo San Giorgio I* v. *Rheinstrom Bros. Co.,* 294 U. S. 494; *Leyland & Co.* v. *Hornblower,* 256 F. 289.)

The determination of the Appellate Term and the judgment of the City Court should be modified by reducing the recovery of damages to the sum of $50 and as so modified affirmed, with costs in this court and in the Appellate Term to the appellants.

COHN, J. (dissenting). Plaintiff sued to recover the sum of $1,104, being the full value of ten packages which were delivered to defendants, common carriers by motor truck. These packages were lost by defendants before delivery to the consignee. Concededly the ten packages were distinct parcels and were not fastened together in any way. A separate charge of fifteen cents for each was made though all were shipped at the same time to the same consignee. Defendants contend that their liability for the loss was fixed at a total sum of fifty dollars. This contention is based upon the fact that the contract between the parties provided that the company's liability was to be limited to fifty dollars per shipment unless a greater value was declared and paid for. In awarding judgment to plaintiff in the sum of $500 the trial court did so upon the theory that the limitation of liability of fifty dollars applied to each parcel in the shipment received by defendants for delivery.

In my view defendants' claim is without merit. The rate of transportation was based on a unit, package or bundle. Each parcel was a separate shipment and charged as such. The more packages received by the carrier, the greater the charge for the freight. If defendants' contention is sustained, then its liability is no more for a shipment of 100 packages than it would be for ten packages, though the charge for a hundred would be ten times the charge for ten. Where, as here, the extent of the liability remains the same irrespective of the charge, the limitation of liability is invalid. The law is settled that a limitation is legal only when it is related to the rate charged for transportation. (*Burke* v. *Union Pacific R. R. Co.,* 226 N. Y. 534, 542, affd. *sub nom. Union Pacific R. R. Co.* v. *Burke,* 255 U. S. 317, 321.) In this case the defendants charged a rate of fifteen cents per package. The limitation of liability of fifty dollars for a ship-

ment regardless of the number of packages the shipment contained, was in no way related to the rate charged for transportation, and such limitation would clearly be invalid.

The trial court here adopted a legal and practical result by applying the fifty dollar liability limit to each package received by defendants for delivery and by allowing plaintiff a recovery of $500 for the ten packages. This conclusion, unanimously concurred in by the Justices of the Appellate Term, was just and proper. Accordingly, I dissent and vote to affirm the determination of the Appellate Term.

DORE and SHIENTAG, JJ., concur with VAN VOORHIS, J.; COHN, J., dissents in opinion in which CALLAHAN, J., concurs.

Determination of the Appellate Term and judgment of the City Court modified by reducing the recovery of damages to the sum of $50 and as so modified affirmed, with costs in this court and in the Appellate Term to the appellants. Settle order on notice. [See *post*, p. 877.]