J. Daniel Fink, J.
The plaintiff moves for summary judgment in this action commenced by it to recover the sum of $3,060.85, the reasonable value of merchandise, consisting of 149 garments which were delivered by the plaintiff to the defendants, who are common carriers, for transportation to a designated consignee. The merchandise was lost, apparently as the result of the theft of defendants’ truck.
At the time defendants’ driver received the merchandise, he signed an original and duplicate receipt in a book of receipts in the possession of the plaintiff, the receipt in question having been prepared by the plaintiff. It appears that the defendants had been making deliveries for plaintiff for a period of over five years, and had supplied the plaintiff with similar printed receipt books during that time. It was the practice to remove the original receipt from the book, to be returned later by the defendants’ driver with proof of delivery to the consignee.
The following legend appears at the bottom of these receipt forms: “note — ‘In consideration of the rate charged, the shipper agrees that the company shall not be liable for more than $50.00 on any shipment accepted for delivery to one consignee, unless a greater value is declared at the time of shipment, and charge for such greater value paid or agreed to be paid. Where a greater value is declared the charge will be based at 10^5 for each $100.00 of declared value. ’ ”
It is obvious that the merchandise having been stolen the defendants are liable in some amount for the nondelivery of the shipment; the plaintiff contending that the defendants are liable for the full value of the merchandise shipped, while the defendants insist that the agreed valuation of $50 is the utmost which the plaintiff may lawfully claim.
Having been examined before trial, the defendant Sam Cohen admitted that the charge for transporting this merchandise was 10 cents per garment, and that such charge was not dependent upon the value of the garments. He also conceded that the defendants or their representative never discussed the contents *375 of the receipt with the plaintiff or that the above-quoted legend had ever been called to the plaintiff’s attention. In addition, the plaintiff avers that it ‘1 did not place any importance on the receipt and considered the same purely as a receipt,” not as a contract.
The determinative issue here is whether it may be held as a matter of law that the plaintiff shipper was given a choice of rates, depending on its valuation of the merchandise, in accordance with the established rule that a common carrier cannot make a valid contract, exempting the carrier from liability for damages for negligence, unless such choice of rates is afforded (Union Pacific R. R. Co. v. Burke, 255 U. S. 317; Hart v. Pennsylvania R. R. Co., 112 U. S. 331).
Since the plaintiff had in its possession and used the defendants’ printed receipts book for a period of over five years, it is difficult to conclude that plaintiff was not aware of the legend limiting the defendants’ liability, unless a greater value was declared. In minimum, the plaintiff, by its continued use of the receipt book, had constructive notice of the printed legend limiting the defendants’ liability (Northern Assur. Co. v. B. A. W. Trucking Co., 252 App. Div. 323, 325). If the plaintiff had notice of the existence of a rate differential, the benefit of which it could secure upon request, then plainly the defendants were not required expressly to offer such rate to the plaintiff. The defendants may not be deprived of the benefit of any of the terms set forth in the legend (supra), merely because the plaintiff did not choose to read the receipt or acquaint itself with its terms (cf. Starace & Co. v. Raporel S. S. Line, 114 Misc. 111).
In a recent case, La Primadora Cigar Corp. v. Wolf Delivery Serv. (28 Misc 2d 586) the Appellate Term, First Department, held, “ The plaintiff possessed and used for five or six years manifest sheets containing a $50 limitation of liability unless a greater value is declared and providing for a charge of 10 cents for each hundred dollars of declared value. The limitation is valid and enforcible since the shipper was afforded a choice of rates and had ample opportunity to obtain knowledge of the contents of these sheets and to choose alternate rates if it so desired (see National Blouse Corp. v. Felson, 274 App. Div. 164 * * *) ”. (Emphasis supplied.)
The plaintiff urges that a receipt is not per se a contract, and that it ripens into an agreement only where contractual terms included in it are fully known and agreed to by both parties. It further maintains that the receipt in question was not signed by the plaintiff and that there is no proof that plaintiff actually agreed to any limitation.
*376 In a similar case, Levine & Co. v. Wolf Package Depot (29 Misc 2d 1085, affd. 1 A D 2d 874), the court held at page 431, ‘ ‘ In my opinion, this shipping receipt was a contract between this plaintiff and the carrier which fixed the carrier’s maximum liability for a/ny loss, including the carrier’s negligence.” It further stated, “ Moreover, the use and possession by this plaintiff of the books of shipping receipts for over three years gave it ample opportunity to obtain knowledge of the contents of these receipts and to choose alternate rates if it so desired. (Greenwald v. Barrett, 199 N. Y. 170.) ”
The document in question is designed to serve two purposes. It serves as a receipt, evidencing the defendants’ signature that as carriers, they receive the merchandise for transportation. It also sets out the conditions under which the defendants undertook to transport the merchandise. In the latter connection, its terms are contractual, setting forth a limitation of liability in respect of liability for negligence, as indicated in the legend. As such it is a contract, and its terms may not be contradicted by parol (cf. Hartog v. Mehle, 14 A D 2d 336; Greenwald v. Barrett, supra, pp. 177, 178).
Nor is there merit to the plaintiff’s contention that the transportation charges here were not dependent upon the value of the garments. The rate charged manifestly was based upon the defendants’ computation for the physical handling of the goods, without charging anything additional to compensate themselves for risk of loss up to $50. Beyond that risk, a greater value was required to be declared, for which an additional charge was required to be paid. (Cf. National Blouse Corp. v. Felson, supra.)
Accordingly, plaintiff’s motion is granted to the extent of granting summary judgment for the sum of $50 plus interest. This decision constitutes a complete disposition of the entire action.