Matthew J. Jasen, J.
Plaintiff moves for summary judgment in an action to recover the sum of $891.35, the alleged value of two suitcases and contents which were delivered by the plaintiff to the defendant and subsequently lost while in the defendant’s possession.
It appears that on September 20, 1963, plaintiff handed two bags to a “Red Cap”, an employee of defendant, at Grand Central Station in New York City. After learning from the plaintiff that she was going to Buffalo on Train No. 51, The Empire State Express, which runs daily between New York City and Cleveland, Ohio, the “Red Cap” tagged the bags and collected 35 cents for each bag and gave the plaintiff two baggage checks.
On each baggage check was printed:
$50.00 Limitation of Liability.
Liability limited to not more than $50.00 for each bag or parcel unless greater value declared in writing on form provided for that purpose.
DECLARATION FORM AVAILABLE AT BAGGAGE ROOM
An additional charge of 20 cents per bag or parcel will be made for each $100.00 or fraction thereof declared in excess of $50.00.
BAGS AND PARCELS PROHIBITED
A bag or parcel having value in excess of $500.00 will not be accepted under any circumstances.
Since the bags were lost, the defendant is liable for some amount.
The plaintiff contends that the railroad is liable for the full value of the bags and their contents, while the defendant insists that the agreed liability limitation of $50 for each bag is the maximum which the plaintiff may properly claim.
The issue presented to the court is whether a valid contract existed between the parties limiting the railroad’s liability for damages to not more than $50 for each bag.
Upon the facts and circumstances presented in this case, the court agrees with the defendant.
It is a well-established rule that a common carrier can limit its liability for any shipping loss provided that the shipper is given a choice of rates. (Union Pacific R. R. Co. v. Burke, 255 U. S. 317; Hart v. Pennsylvania R. R. Co., 112 U. S. 331.)
In this case, plaintiff had a choice of rates in using ‘6 Red Cap ” services for her bags. This choice was based on her own personal valuation of said bags and contents. By paying the ‘ ‘ Red Cap ’ ’ the minimum charge of 35 cents per bag, she agreed *312 to the terms contained on said check limiting the defendant’s liability in the event of the loss of each bag to the sum of $50.
The baggage check in issue served two purposes. First, it was a receipt, evidencing that the defendant had received the bag for transportation. Additionally, it set forth certain conditions under which defendant undertook to transport said bag. In the latter instance, the terms setting forth a maximum limitation in respect to liability unless a greater value is declared at time of checking, and an additional fee paid, are contractual and binding upon both parties.
It is also clear that the plaintiff may not avoid being bound by the limited liability provisions of the contract by her failure to read the terms. , The fact that the plaintiff did not choose to read the baggage check or acquaint herself with its terms, does not deprive the defendant of the benefit of any of the terms clearly set forth thereon. (Northern Assur. Co. v. B. A. W. Trucking Co., 252 App. Div. 323; National Blouse Corp. v. Felson, 274 App. Div. 164, affd. 299 N. Y. 612.)
Accordingly, plaintiff’s motion for summary judgment is granted to the extent of $100, plus interest.