David Getzoff, J.
Plaintiffs ’ complaint, for a first cause of action alleges in substance, that on September 2, 1966, plaintiff Helen Margolis purchased a passenger ticket in New Orleans, Louisiana, for transportation to New York City by motor bus owned, operated, and controlled by the defendants. Upon boarding the motor bus she delivered two suitcases containing her personal belongings to an employee of the defendants and received a baggage check for the suitcases. On September 4, 1966 said plaintiff surrendered the afore-mentioned baggage check for the .two suitcases but only one suitcase was delivered to her; that the second suitcase has not been returned to said plaintiff, due to the gross negligence on the part of the defendants, their agents, servants and/or employees, to her damage in the sum of $937, together with punitive damages. Plaintiff Sidney K. Margolis alleged that he was the owner of an electric razor which he loaned to Helen Margolis; that it was valued at $10 and was in the suitcase not returned.
The second cause of action alleges a breach of the contract of safe carriage of plaintiff Helen Margolis and her baggage. The third cause of action for mental anguish was withdrawn. The fourth cause of action alleges that by reason of the aforementioned breach of contract and negligence plaintiffs availed *278 themselves of legal counsel to their damage in the sum of $2,500. The fifth cause of action alleges a breach of warranty of safe ¡transportation and safekeeping as to her baggage, upon which said plaintiff relied; that said representations were false in that the defendants knew or should have known that they did not have proper, suitable and safe baggage facilities at their terminal in New York City.
Defendants’ answer consisted of a general denial and an affirmative defense: — that the limitation of defendants ’ liability if any was $50 pursuant to interstate commerce rules and regulations and tariff schedules filed with Interstate Commerce Commission.
This action was submitted to this court for trial and disposition, without a jury, upon the following stipulated facts:
“1. Plaintiff paid her fare and boarded defendant’s bus Oil September 2, 1966 in New Orleans, Louisiana, and arrived in the Port of Authority Terminal on September 4, 1966.
“ 2. At the commencement of her trip she checked two pieces of luggage with the defendant in New Orleans in connection with her transportation ticket via defendant’s lines from New Orleans to New York.
4 4 3. Plaintiff received a receipt from the defendant in the form of baggage checks for the two pieces of luggage. She did not declare any value on her baggage at the time of shipment and paid no excess value charges. A photocopy of the baggage check No. SC 445-104 is annexed hereto and marked Exhibit 4 A’.
44 4. Upon arrival in New York of the bus on which plaintiff was a passenger the plaintiff observed her baggage being removed from the bus and being placed on the ground outside of the baggage room by defendant’s employees. Plaintiff did not claim her baggage at that time nor did she present her receipt to the defendant for the re-delivery of such baggage at that time.
4 4 5. Upon arrival in New York plaintiff did not claim her baggage until several hours thereafter. Upon returning to the baggage room later on September 4, 1966 to claim her baggage plaintiff found one of her suitcases outside the baggage room. This was delivered to her by the defendant upon presentation of her baggage check. The second piece of luggage was never returned to her and is presumed lost or stolen. Plaintiff did not present her baggage check or claim her baggage up until the time she returned to the baggage room and located the piece of luggage herein.
*279 “6. The defendant, Greyhound Lines, Inc. (hereinafter referred to as Greyhound) was and is a corporation organized and existing under the laws of the State of California with an office and place of business at the Port of Authority Bus Terminal, New York, N. Y. It is a common carrier for hire engaged in the business of transporting passengers and their baggage in interstate commerce and is subject to the rules and regulations of the Interstate Commerce Act and the Federal Motor Carriers Act. It operated routes between New Orleans, Louisiana and New York City, N. Y.
‘ ‘ 7. The defendant duly filed tariff schedules with the Interstate Commerce Commission pursuant to its rules and regulations. The applicable tariff herein is National Baggage Tariff No. A500-D MP-ICC No. 1841 ICC No. 14 issued January 16, 1964, effective March 1, 1964 as amended by interstate supplements No. 9 and No. 10 effective January 1, 1966. A copy of said tariff is annexed hereto marked Exhibit ‘ B ’ and deemed a part of this stipulation.
“ 8. The defendant’s filed tariff schedules allow baggage to remain at stations and be stored there for the first 72 hours without any additional charge.”
As appears from the afore-mentioned stipulation, which narrows the issues, plaintiff did not declare any value for the baggage, nor did she pay any excess value charges.
The baggage check No. SC445-104 bears the following inscription on the face thereof.
“ passenger’s baggage check
SOUTHERN GREYHOUND LINES
CHAMELES, GEORGIA
to: NEW YORK, N. Y.
(Print Destination City in Full) (State)
via To
VIA To
VIA To
VIA To
BAGGAGE LIABILITY LIMITED TO
$50.00
so 445-104 (See over)
CERTAIN ARTICLES WILL BE CARRIED AT
owners risk only Ask Agent ”
and on the back of said baggage check is printed
*280 “Date Issue: new Orleans
BGGE. DEPT.
From: Sep 2 1966
(print ORIGIN CITY IN PULL) (STATE)
■ CONTRACT NOTICE TO PASSENGERS
‘ ‘ The party accepting this check hereby agrees that:
“ (1) No claim in excess of $50.00 for all baggage checked on one full fare ticket and in excess of $25.00 on one-half fare ticket shall be made against the issuing company for loss of or damage to property covered by this and/or other baggage checks issued to the same passenger unless a greater amount is declared in writing at time of checking, in which case charges for excess value will be collected and an excess' valuation receipt will be issued. Exception: On intrastate tickets in certain states, as specified in published tariffs, the maximum liability is $25.00 on each full fare ticket and $12.50 on each half fare ticket.
“ (2) This check is accepted subject to all conditions of published tariffs.
“ Passengers are instructed to claim baggage at destination promptly to avoid payment of storage charges.
THIS CHECK MUST BE SURRENDERED
IN ORDER TO OBTAIN BAGGAGE ”
All of the afore-mentioned is in clear print that can be readily and easily read.
Plaintiff Helen Margolis, the passenger, had this baggage check in her possession from September 2, 1966 to September 4, 1966. It will therefore be presumed that she read and had knowledge of the afore-mentioned limited liability provision and >was therefore bound thereby (10 Am. Jur., C. J. S., 1780; 13 Carriers, § 877; Leask v. New York Cent. R. R. Co., 42 Misc 2d 310).
The aforesaid baggage check was issued by Southern Greyhound Lines, which is not a party to this action. It was stipulated that said Southern Greyhound Lines is an operating division of Greyhound Lines, Inc.
It being stipulated that defendant Greyhound Lines, Inc. is a common carrier engaged in interstate commerce subject to the Interstate Commerce Act and the Federal Motor Carriers Act, and that said defendant filed tariff schedules pursuant to the rules and regulations of the Interstate Commerce Act, the rights and liabilities of the respective parties are governed thereby. (Southern Express Co. v. Byers, 240 U. S. 612, 614; New York Cent. & Hudson Riv. R. R. Co. v. Beaham, 242 U. S. *281 148, 151; McCloy v. Pennsylvania R. R. Co., 267 App. Div. 179, 182.)
Section C, rule 5 of National Baggage Tariff No. A-500-D issued January 16,1964 effective March 1,1964 provides on page 21 thereof under block 1 — “ Free Baggage Allowance for each Adult ticket, weight 150 pounds, Value $25 ”.
This was amended by supplement No. 11 issued February 18, 1966 effective April 1, 1966 on page 8 thereof to increase the value to $50 for interstate and intrastate.
On page 30 of the afore-mentioned National Baggage Tariff No. A-500-D the following appears under section D, item 4
‘ ‘ CHARGES FOR BAGGAGE OF EXCESS VALUE :
“ (a) Charges for Excess Value must be prepaid and are separate and distinct from the charges for Excess Weight.
“ (b) Collections for Excess Value will not be made for movements to any stations beyond that to which the Baggage is checked.
“ (c) When collection is made for Excess Value, an ‘ Excess Check ’ or ‘ Excess Receipt ’ will be issued.
“(d) On Baggage forwarded from points not provided with Baggage checking facilities, Excess Value Charges will be collected at first Baggage Checking Agency.
“(e) Unless a greater value is declared by a passenger, and charges paid for Excess Value at time of checking, it shall be considered that the value of Baggage, belonging to, or checked for, a passenger, is not in excess of the Free Value Allowance specified in Rule No. 5, and Carriers, parties to this Tariff, will not accept liability for a greater sum in case of loss or damage.”
Subdivision (d) was amended by the afore-mentioned supplement No. 11 to read “ (d) Baggage on which Excess Value is to be declared must be checked at the Baggage Counter at least thirty (30) minutes prior to the scheduled Bus departure and, unless a greater value is declared and charges paid for Excess Value at the time of checking, it shall be considered that the value of the Baggage, belonging to, or checked for, a passenger, is not in excess of the Free Value Allowance specified in Section C, Rule No. 5, and Carriers, parties to this Tariff, will not accept liability for a greater sum in case of loss or damage.”
The terms setting forth a maximum limitation in respect to liability, unless a greater value is declared at the time of checking and an additional fee paid, are contractual and binding on both parties. (Leask v. New York Cent. R. R. Co., 42 Misc 2d *282 310, supra; National Blouse Corp. v. Felson, 274 App. Div. 164, affd. 299 N. Y. 612.)
As was stated in D’Utassy v. Barrett (219 N. Y. 420, 425), “ It would be unjust and contrary to the policy of the law to permit the agreed valuation to be overthrown for the purpose of enabling the shipper to obtain a recovery in excess thereof in a suit for loss or damage on any theory of trover or conversion for loss of goods by wrongful deliveries or acts of employees for their own benefit, based, not on the wrongful misconduct of the carrier as such, but on the act of the employee. (Rosenthal v. Weir, 170 N. Y. 148, 154.) ” (Burke v. Union Pacific R. R. Co., 226 N. Y. 534; Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Dettlebach, 239 U. S. 588, 593; Missouri, Kansas & Texas Ry. Co. v. Harriman, 227 U. S. 657, 670; Hartzberg v. New York Cent. R. R. Co., 295 N. Y. 703.)
Rule No. 12 of section C, “Delivery of Baggage at Destination ” was amended to rule 13 and provides in subdivision (a) : “ (a) Checked Baggage will be delivered to a passenger at his destination upon its arrival, and upon the presentation and surrender of the Claim Check, and the payment of all charges due, to the Baggage Agent or other Authorized employee.”
Plaintiff passenger did not call for the baggage upon her arrival in New York City; she did not present her baggage check to any of the employees of the defendants but left the point of arrival and did not return until several hours later, more than a reasonable time after the arrival of the baggage.
The reasonable time begins to run from the arrival of the baggage and not of the passenger. This is only for the purpose of limiting the liability of the common carrier as an insurer but not as a gratuitous bailor — ■ negligence or gross negligence. (Chesapeake & Ohio Ry. Co. v. McClintock-Field Co., 221 Ky. 142; 13 C. J. S., Carriers, §§ 883, 884; Roth v. Buffalo & State Line R. R. Co. 34 N. Y. 548, 553.)
The defendants having left the baggage outside the baggage room at the point of arrival, located in the Port Authority Bus Terminal in New York City, which point of arrival is one of the busiest in the United States, and where incidents of various crimes occur daily, said defendants are charged with gross negligence in neither storing the baggage in the baggage room nor offering any explanation for the loss. (Hasbrouk v. New York Cent. & Hudson Riv. R. R. Co., 202 N. Y. 363.)
Judgment for plaintiff Helen Margolis in .the sum of $50; action of Sidney K. Margolis dismissed as there was no privity between said plaintiff and the defendants.
*283 Second and fifth causes of action dismissed in view of decision as to first cause of action.
Fourth cause of action dismissed. Section 8 of part I of the Interstate Commerce Act (U. S. Code, tit. 49, § 8, as amd. Aug. 9, 1935) provides that “ in case any common carrier subject to the provisions of this chapter shall do, cause to be done, or permit to be done any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney’s fee, to be-fixed by the court in every ease of recovery, which attorney’s fee shall be taxed and collected as part of the costs in the case.”
It appears from the afore-mentioned section that it pertains to acts of the carrier contrary to or prohibited by the provisions of the Interstate Commerce Act, and not to a cause of action as set forth in the stipulation submitted to this court.