OPINION OF THE COURT
Thomas E. Mercure, J.
Defendant seeks an order, pursuant to CPLR 3212, for partial summary judgment limiting defendant’s liability herein to $250.
On March 12, 1981, plaintiff, Sharon Zabielski, purchased from defendant, Greyhound Lines, Inc., a full-fare, one-way ticket from Amsterdam, New York, to Santa Ana, California. At the same time, plaintiff checked two pieces of baggage with Greyhound. Baggage checks were issued to plaintiff. On March 15,1981, plaintiff arrived in California and tendered her baggage checks to a Greyhound employee in order to claim her baggage. Her baggage, however, could not be located. On March 21,1981, plaintiff filed a baggage claim with Greyhound, claiming a total loss of $1,490. Greyhound informed plaintiff that its. liability for lost baggage was limited to $250 pursuant to national baggage tariff No. A-500, duly filed with the ICC. Greyhound requested that plaintiff surrender the original of her baggage checks in exchange for a settlement of the claim for $250. Greyhound Lines, Inc., to date, has not paid the $250 limit of liability because plaintiff has refused to surrender the baggage checks.
*102 Plaintiff, in opposition, contends that the defendant, in order to rely upon liability limitations contained in its tariff, must meet certain requirements, namely:
(1) A tariff must be filed with the Interstate Commerce Commission covering the type of shipment involved in the case, and the commission must approve the tariff.
(2) Notice of the liability limitation must be printed on the passenger’s ticket and his baggage receipt.
(3) Notice must be printed on the wall of the station.
(4) The passenger must be given the opportunity to pay a higher fare for increased carrier liability.
(5) The passenger must fail to declare any value for the baggage.
Plaintiff further argues that defendant has failed to meet this burden in the following respects:
(a) The tariff concerns baggage, but a question arises as to the status of this luggage. Defendant’s agent, Al Mancini, told plaintiff that her luggage would arrive the following day in California, thus the luggage becomes freight and an exception to the tariff. Further, the baggage check states “baggage must be claimed at bus side immediately on arrival at: Santa Ana, Calif.” Clearly, what defendant’s agent told plaintiff and the quasi-contract of the baggage claim check are different.
(b) The liability limitation on both the baggage receipt and the ticket are on the reverse side and in type smaller than required pursuant to CPLR 4544.
(c) The affidavits of plaintiff and her father clearly show that the bus station notice was not existing at the time of purchase of the bus tickets.
Defendant contends that its liability for lost baggage is limited to $250 as a matter of law.
Defendant is a motor common carrier of passengers and their baggage in interstate transportation. Federal law governs the loss of checked passenger baggage in interstate transportation by a motor carrier. The common law of New York is inapplicable. (Margolis v Greyhound Eastern Greyhound Lines, 71 Misc 2d 277, affd 95 Misc 2d 799.) Congress has given interstate carriers the right to limit *103 liability for loss of checked baggage (see US Code, tit 49, § 11707, subd [c], par [3]). Defendant has filed national baggage tariff No. A-500. This court takes judicial notice of said tariff pursuant to CPLR 4540 (subd [d]).
Rule 6(c) of the aforesaid tariff affords defendant the limitation of liability on lost luggage for baggage checked on a full-fare ticket to $250.
The terms of the tariff (supra) are binding on both carrier and passenger, and passengers are presumed to have knowledge of such limitations as aforesaid. (Sayles v Interstate Busses Corp., 187 Misc 286.)
Notwithstanding the presumption of knowledge (supra), plaintiff was given actual notice of the limit of defendant’s liability. Defendant issued a full-fare transportation ticket and two baggage claim checks, which clearly and legibly explained defendant’s limitation of liability pursuant to the controlling tariff.
Plaintiff’s contention and argument in (a) (supra) has no merit. “Baggage is that property which is transported under or as an incident to the contract of transportation of the owner as a passenger, and does not include in the proper sense property which is being moved by express or otherwise apart from and disconnected with the transportation of the person who owns the same” (17 NY Jur 2d, Carriers, § 519). It is not necessary, however, that the baggage actually proceed on the same conveyance with the passenger. The posture of the carrier’s liability to the passenger remains the same. (See 17 NY Jur 2d, Carriers, § 528; Moffat v Long Is. R.R. Co., 123 App Div 719.)
The contentions of plaintiff and her father that they saw no posted notice of liability limitation on baggage in the bus depot in Amsterdam, versus the contention of the defendant’s agent that said notices were posted and clearly visible at the time in question, raise a question of fact which would normally require trial or hearing. However, Sayles v Interstate Busses Corp. (supra) still appears to prevail regarding this facet of the law and states, in pertinent part, at page 289: “a [carrier’s] regulation limiting liability [for loss of baggage, when filed pursuant to Interstate Commerce Act] * * * is binding on the carrier *104 and on the passenger, even though the passenger has no knowledge thereof; and * * * though the carrier does not inquire as to the value [of the baggage].”
On all the above, defendant’s liability for the loss of plaintiff’s baggage is limited to $250 as a matter of law.
As to plaintiff’s claims for damages based on expense incurred, attorney’s fees and embarrassment and inconvenience, this court finds no basis in statute or common law for such compensation.
Defendant’s motion is granted.